UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA NORTHERN RAILWAY, et al., | Case No. 24-cv-04810-JST |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO DISMISS, DENYING MOTION TO STRIKE, AND GRANTING REQUEST FOR JUDICIAL NOTICE** |
| CITY OF FORT BRAGG, | |
| Defendant. | Re: ECF Nos. 28, 32 |

Before the Court is Defendant City of Fort Bragg's motion to dismiss and to strike. ECF No. 28. The Court will grant the motion to dismiss with leave to amend and will deny the motion to strike. The Court will also grant the request for judicial notice filed by Plaintiffs Sierra Northern Railway and Mendocino Railway ("the Railways"). ECF No. 32.

## I. BACKGROUND

For purposes of deciding the Rule 12(b)(6) motion to dismiss, the Court accepts as true the following factual allegations from the operative complaint, ECF No. 26. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). This action centers on a parcel of land in Fort Bragg, California ("the Property") that is owned by Sierra Northern Railway and operated by its affiliate Mendocino Railway. ECF No. 26 ¶ 1. On the Property is a body of water known as the "Mill Pond." *Id.* ¶ 2. The City's untreated stormwater runs into the Mill Pond through the Maple and Alder Creeks. *Id.* The Mill Pond has tested positive for two hazardous substances, dioxins and furans, in concentrations that exceed applicable water quality standards. *Id.* "[R]eports show that "a significant majority of the pollutants (80 to 95 percent) entering Mill Pond via stormwater are from untreated municipal stormwater discharged by the City onto the Property." *Id.* ¶ 21. "As a result of the contamination, Plaintiffs have incurred legal fees and response costs and will face

1    additional legal fees and response costs." *Id.* ¶ 28.

2          The Railways filed this action against the City on August 7, 2024.  ECF No. 1.  The

3    operative complaint, ECF No. 26, asserts claims for (1) recovery of response costs under section

4    107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C.

5    §§ 9601–9675 ("CERCLA"); (2) declaratory relief under CERCLA section 113(g)(2); (3)

6    contribution under CERCLA section 107 or section 113; (4) unlawful taking under 42 U.S.C.

7    § 1983; (5) contribution and indemnity under state law; (6) continuing nuisance; (7) inverse

8    condemnation; (8) negligence; (9) continuing trespass; and (10) declaratory relief under state law.

9          The City moved to dismiss.  ECF No. 28.  The Railways oppose the motion, ECF No. 31,

10   and the City has filed a reply.  ECF No. 33.  The Railways also request judicial notice of three

11   documents.  ECF No. 32.  The Court took this matter under submission without a hearing on

12   February 13, 2025.  ECF No. 35.

## II.    JURISDICTION

14         The Court has jurisdiction under 28 U.S.C. § 1331.

## III.    LEGAL STANDARD

### A.    Rule 12(b)(6) Motions to Dismiss

17         To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

18   complaint must contain "a short and plain statement of the claim showing that the pleader is

19   entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal "is appropriate only where the complaint

20   lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

21   *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  "[A] complaint

22   must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

23   on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

24   U.S. 544, 570 (2007)).  Factual allegations need not be detailed, but the facts must be "enough to

25   raise a right to relief above the speculative level."  *Twombly*, 558 U.S. at 555.

26         "A claim has facial plausibility when the plaintiff pleads factual content that allows the

27   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

28   *Ashcroft*, 556 U.S. at 678.  While this standard is not "akin to a 'probability requirement' . . . it

United States District Court
Northern District of California

United States District Court
Northern District of California

asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 555 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops shorts of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 558 U.S. at 557).

In determining whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d at 1072.

### B.    Rule 12(f) Motions to Strike

Federal Rule of Civil Procedure 12(f) authorizes the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigation spurious issues by dispending with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation marks and citations omitted).

### C.    CERCLA

The *prima facie* elements of CERCLA claims for recovery of response costs, contribution, and declaratory relief, 42 U.S.C. § 9613(g), are the same. *Castaic Lake Water Agency v. Whittaker Corp.*, 272 F. Supp. 2d 1053, 1058–59 (C.D. Cal. 2003) (citing *City of Portland v. Boeing Co.*, 179 F. Supp. 2d 1190, 1199 (D. Or. 2001)). A plaintiff must show that: (1) they incurred necessary costs of remediation and/or removal; (2) those costs were caused by a discharge or release (3) of a hazardous substance; and (4) the defendant is within a class of persons subject to CERCLA's liability provisions. *Castaic Lake Water Agency*, 272 F. Supp. 2d at 1059.

## IV.    REQUEST FOR JUDICIAL NOTICE

The Railways ask the Court to take judicial notice of a Site Investigation and Remediation Order ("Order") issued by the California Department of Toxic Substances Control ("DTSC") and the First and Second Amendments to that Order. ECF No. 32. The Railways argue that the Court should take judicial notice of them because they are "government-issued document[s]." *Id.* at 2. The City does not oppose the request and attaches its own highlighted copy of the DTSC Order to

1    its reply.  ECF No. 33 at 2; ECF No. 33-1.

2        In general, "district courts may not consider material outside the pleadings when assessing

3    the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure."

4    *Khoja Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  But "[t]he court may

5    judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known

6    within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from

7    sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

8        The Court agrees that these orders, issued by a California government agency, are proper

9    subjects for judicial notice under Federal Rule of Evidence 201(b)(2), and grants the Railways'

10    request.  The Court will, however, only take judicial notice of their existence, not of any

11    potentially disputed facts within the documents.  *See United States v. Corinthian Colleges*, 655

12    F.3d 984, 999 (9th Cir. 2011).

13   **V.    DISCUSSION**

14        **A.    Interaction Between CERCLA Section 107 and CERCLA Section 113**

15        The City first argues that "[a] party that *may* bring a CERCLA 113 contribution action

16    *must* proceed under that section and is barred from proceeding with a cost-recovery action under

17    CERCLA 107" and "[a] party may not bring an action under both sections."  ECF No. 28 at 8.

18    The City cites *Territory of Guam v. United States*, 593 U.S. 310 (2021) for these propositions.

19    But *Territory of Guam* did not reach either conclusion.  Instead, the court below—the D.C.

20    Circuit—concluded that a party eligible to bring a contribution claim cannot assert a cost-recovery

21    claim.  *Id.* at 310 ("The *D.C. Circuit* . . . held that a party eligible to pursue a contribution claim

22    under § 113(f) cannot assert a cost-recovery claim under § 107(a) . . . ." (emphasis added)).  In

23    contrast, the Ninth Circuit has held that a plaintiff can assert both a CERCLA section 113

24    contribution claim *and* a CERCLA 107 cost recovery claim.  *Whittaker Corp. v. United States*,

25    825 F.3d 1002, 1011 (9th Cir. 2016).  The Supreme Court's holding in *Territory of Guam* did not

26    abrogate that holding, nor does it appear the Ninth Circuit has revisited its holding in *Whittaker*

27    post-*Territory of Guam*.  The Court will not hold that, as a matter of law, the Railways are barred

28    from asserting both section 107 and a section 113 claims.

**B.     CERCLA Section 107 Response Costs Claim**

The City argues that the Railways fail to allege "response costs" that would be recoverable under CERCLA section 107, 42 U.S.C. § 1607.  ECF No. 28 at 9–12.  "CERCLA does not define the term 'response cost.'"  *Castaic Lake Water Agency*, 272 F. Supp. 2d at 1062.  However, "response" is defined to mean

> "remove, removal, remedy, and remedial action" and all "enforcement activities related thereto."  42 U.S.C. § 9601(25)).  The terms "remove'" and "removal" are in turn defined to include "cleanup or removal" and "actions as may be necessary to monitor, assess, and evaluate the release or threat of release," as well as "disposal of removed material" and "such other actions as may be necessary to prevent, minimize, or mitigate damage to the public health or welfare to the environment."  42 U.S.C. § 9601(23). . . .  Preventive monitoring . . . [is] listed in the statute as [an] example[] of [a] removal and remedial action[].  42 U.S.C. § 9601(23), § 9601(24).

*Castaic Lake Water Agency*, 273 F. Supp. 2d at 1062–63.  "[A] plaintiff must allege at least one type of "response cost" cognizable under CERCLA that *has been incurred* to state a prima facie case.  *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1153–54 (9th Cir. 1989) (emphasis added).

The City contends that the Railways' complaint allegations "reveal that The Railways have not yet begun any remedial action" and fail to allege sufficient factual matter to show that the costs were "necessary," as required by CERCLA.  ECF No. 28 at 10. The Railways make two responses:  first, that they have alleged that they have incurred attorneys' fees, which are a recoverable cost; and second, that there is no "shovel in the ground" requirement for a CERCLA 107 claim.  ECF No. 31 at 12–14.

The Railways' complaint alleges, with respect to costs incurred, that:

> Plaintiffs have faced and will face additional, currently incalculable costs for future investigation, remediation, and contamination clean-up for which the City is strictly liable.  These costs have been estimated to range from $10 million to $50 million dollars, depending on the manner and method of remediation, to be proven at trial.

and

> Plaintiffs have incurred, and will incur, response costs in the amount of approximately $10 million and $50 million dollars plus attorneys'

> fees and may continue to incur response costs within the meaning of
> 42 U.S.C. § 9601(25) . . . .  These response costs include, without
> limitation, costs of analysis, litigation expenses, and such removal or
> remedial action as Plaintiffs take or authorities may dictate.

ECF No. 26 ¶¶ 27, 34.  The Railways are correct that attorneys' fees, at least those "closely tied to the actual cleanup," may "constitute a necessary cost of response" under CERCLA section 107. *Key Tronic Corp. v. United States*, 511 U.S. 809, 820 (1994).  And they are likewise correct that there is no "shovel in the ground" requirement for a CERCLA 107 claim, at least insofar as response costs can include "costs of investigation or testing for the presence of hazardous wastes." *Ascon*, 866 F.2d at 1153.  Nonetheless, the Railways have not sufficiently pled that they have incurred at least one cognizable category of response costs, and thus have not stated a claim.  *See id.* at 1154.  They assert broadly that they "have incurred legal fees and response costs," ECF No. 26 ¶ 28, but they do not allege facts sufficient to establish that the legal fees incurred are "closely tied to the actual cleanup," nor do they allege facts sufficient for the Court to identify a cognizable category of "response costs."  They allege elsewhere that they "have faced and will face," and "have incurred and will incur," various costs.  *See id.* ¶¶ 28, 34.  But this manner of pleading makes it impossible to tell which costs—if any—the Railways have *already* incurred (which is a necessary element of pleading a CERCLA section 107 claim for recovery of costs) and which they merely "will face" or "will incur."  *See Ascon*, 866 F.3d at 1154; *Gen. Cable Indus., Inc. v. Zurn Pex, Inc.*, 561 F. Supp. 2d 653, 658 (E.D. Tex. 2006) ("Plaintiffs have not alleged that they *have expended* any monies which would be considered necessary costs of response . . . ." (emphasis added)).  Because the Railways fail to plead any category of cognizable response cost, the Court will dismiss their CERCLA section 107 claim with leave to amend.

### C.   CERCLA Section 113—Contribution Claim

"[T]here are two ways to get contribution under Section 113(f): under 113(f)(1) (during or following civil actions under Section 106 or 107(a)) and under 113(f)(3)(B) (after an administrative or judicially approved settlement that resolves liability to the United States or to a State)."  *San Diego Unified Port Dist. v. TDY Indus., Inc.*, No. 03CV1146-B(POR), 2006 WL 762838, at *4 (S.D. Cal. Mar. 15, 2006) (citing *Cooper Indus. v. Aviall Servs., Inc.*, 543 U.S. 157, 167 (2004)).  The City contends that the Railways fail to plead that either such a civil action or

1  such a settlement exists.  ECF No. 28 at 12–13.  The Railways respond by arguing that the DTSC

2  Order—together with the subsequent Amendments that added the Railways as Respondents—

3  amounts to an "administrative . . . settlement" triggering entitlement to a CERCLA section 113

4  contribution claim.  ECF No. 31 at 15.  The City argues in reply that the DTSC Order "does not

5  rise to the level of a settlement" for the purpose of CERCLA section 113 because it is a unilateral

6  order and is not signed by the Railways.  ECF No. 33 at 2.

7      The caselaw supports the City.  In *San Diego Unified Port District*, 2006 WL 762838, for

8  example, defendant TDY had voluntarily cleaned up substances at the site in question "in response

9  to a Cleanup and Abatement Order by the Regional Water Quality Control Board, *i.e.* a state

10  administrative order."  *Id.* at *4.  TDY asserted a CERCLA section 113 claim against a third party

11  and the court concluded, notwithstanding the state administrative order, that "there [wa]s no

12  evidence of an administrative or judicially approved settlement against TDY."  *Id.*  Other courts

13  likewise have concluded that administrative orders were not settlements for the purpose of

14  CERCLA section 113 because the order did not contain the word "settlement," *Pharmacia Corp.

15  v. Clayton Chem. Acquisition LLC*, 382 F. Supp. 2d 1079, 1085 (S.D. Ill. 2005), or because the

16  order made no reference to CERCLA authority.  *W.R. Grace & Co. v. Zotos Int'l, Inc.*, No. 98-

17  CV-838S(F), 2005 WL 1076117, at *7 (W.D.N.Y. May 3, 2005).

18      Turning to the DTSC Order in the instant case, the document is titled "Site Investigation

19  and Remediation Order"—not "settlement."  ECF No. 32 at 4.  It is executed by Barbara J. Cook,

20  the Branch Chief of the Department of Toxic Substances Control, and not by any other party, as

21  would be the case in a settlement.  *Id.* at 28.  The Railways are added to the order as Respondents.

22  *Id.* at 55.  And it "order[s]" that the Railways conduct a series of enumerated "response actions"

23  without any suggestion that the Railways agreed to conduct such actions or received any

24  consideration in exchange for undertaking those obligations.  *Id.* at 9.  The words "settle" or

25  "settlement" appear nowhere in the document.  The Court cannot conclude that a document with

26  these characteristics constitutes a "settlement" rather than what it plainly purports to be: an order.

27  *See Pharmacia Corp.*, 382 F. Supp. 2d at 1085 ("The fact that the USEPA labeled the document

28  an 'Administrative Order by Consent' . . . leads this Court to finds that it is exactly that, an

administrative order, and not a settlement.").

Accordingly, the Court will dismiss the Railways' CERCLA section 113 claim. Although it appears doubtful that the Railways will be able to allege facts sufficient to establish the existence of a settlement or civil action sufficient to satisfy CERCLA section 113, the Court will grant leave to amend.

### D.    Declaratory Relief

The City argues that, because the Railways' other CERCLA claims fail, so does its claim for declaratory relief. ECF No. 28 at 13–14. The Railways agree that its declaratory relief claim depends on its other CERCLA claims. ECF No. 31 at 14. The Court accordingly dismisses the Railways' claim for declaratory relief with leave to amend.

### E.    Joint and Several Liability

Finally, the City moves under Federal Rule of Civil Procedure 12(f) to strike from the complaint the Railways' request for joint and several liability. ECF No. 28 at 14. The City argues that a private party that is a PRP under CERCLA "may not pursue a CERCLA 107 action against other PRPs for joint and several liability." *Id.* (citing *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 169 (2004)). The Railways respond that the City misstates the law. ECF No. 31 at 17; *see Cooper Indus., Inc.*, 543 U.S. at 169 ("withhold[ing] judgment on" whether "a private party that is itself a PRP may not pursue a § 107 action against other PRPs for joint and several liability").

The Railways are correct that the City mischaracterizes *Cooper*, which declined to reach the question for which the City cites it. Moreover, the City's SAC alleges only *joint* liability, not *joint and several* liability. ECF No. 26 ¶ 37 ("Plaintiffs are entitled to reimbursement from the City, which on information and belief is strictly and jointly liable for those response costs under CERCLA."). Accordingly, the Court denies the City's motion to strike.

### CONCLUSION

For the foregoing reasons, the Railways' request for judicial notice is granted. The City's motion to dismiss is granted with respect to the CERCLA section 107 claim, the CERCLA section 113 claim, and the declaratory relief claim. The City's motion to strike is denied.

United States District Court
Northern District of California

1    Leave to amend is granted solely to cure the deficiencies identified in this order.  Any

2  amended complaint shall be filed within 28 days.

3    **IT IS SO ORDERED.**

4  Dated:  July 7, 2025



JON S. TIGAR
United States District Judge