DAVID A. DIEPENBROCK (SBN 215679)
**weintraub tobin** chediak coleman grodin
LAW CORPORATION
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone:   916.558.6000
Facsimile:   916.446.1611
Email: ddiepenbrock@weintraub.com

Attorneys for Plaintiffs,
SIERRA NORTHERN RAILWAY and
MENDOCINO RAILWAY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| SIERRA NORTHERN RAILWAY, a California corporation, and MENDOCINO RAILWAY, a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FORT BRAGG, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 4:24-cv-04810-JST<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Date:  September 9, 2025<br>Time:  2:00 pm<br>Dept:  6<br>Judge: Honorable Jon S. Tigar<br><br>Complaint Filed:  August 7, 2024 |

## I. JURISDICTION AND SERVICE

This Court has jurisdiction over this action based on the claims alleged under federal law pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Plaintiffs have asserted a takings claim under the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution through 42 U.S.C. § 1983 as well as supplemental state law claims. The operative Third Amended Complaint also alleges claims under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"). Defendant was served on September 9, 2024.

## II. FACTS

Plaintiff Sierra Northern Railway ("SNR") owns the property at issue in this lawsuit ("Property") located in Fort Bragg, California, which contains the water body commonly known as "Mill Pond," and also referred to as "Pond 8." Mill Pond receives stormwater that enters the pond via sheet flow and via the Alder Creek and Maple Creek outfalls, located in the eastern section of the pond. Plaintiffs have alleged that the City has, on a continuing and on-going basis, discharged, and continues to discharge municipal stormwater into Mill Pond. The Department of Toxic Substances Control ("DTSC") has issued a Site Investigation and Remediation Order for Mill Pond.

Stormwater quality within the Mill Pond drainage basin has been evaluated over multiple sampling efforts. The reports show, among other things, that stormwater entering Mill Pond contains dioxins and furans; the vast majority of pollutants entering Mill Pond have been brought onto the Property via stormwater flows from the City's stormwater system. Plaintiffs have engaged in no activities that have generated any of these pollutants.

Plaintiffs further contend that the City is intentionally using the Mill Pond as a detention basin for the storage and treatment of its toxic, hazardous, and contaminated stormwater discharges. Plaintiffs also contend that the City has failed to take any remedial measures to address this problem.

The City does not agree with or concede any of Plaintiffs' allegations, contentions, or conclusions.

Attempts to resolve this with the City without litigation were unsuccessful.

///

**III.   LEGAL ISSUES**

The principal disputed legal issues are whether the City is liable for any of its stormwater discharges onto the Property, and for remediation costs at the Subject Property.

**IV.   MOTIONS**

On January 6, 2025, the City filed a motion to dismiss Plaintiffs' CERCLA claims, which was granted with leave to amend. (ECF No. 45.) The City may seek summary disposition at a later date.

**V.   AMENDMENT OF PLEADINGS**

Plaintiffs filed and served their Third Amended Complaint on August 4, 2025. (ECF No. 46.) August 18, 2025 was the City's deadline to file a responsive pleading. As of this date, Plaintiffs have not received any information from City as to whether or when it will file a responsive pleading.

**VI.   EVIDENCE PRESERVATION**

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**VII.   DISCLOSURES**

Based upon the September 9, 2025 Initial Case Management Conference, September 2, 2025 is the deadline for the parties to exchange their initial disclosures.

**VIII.   DISCOVERY**

The parties have engaged in settlement discussions aimed at a global resolution of all disputes presently pending between them. Accordingly, they deferred making their initial disclosures, and taking discovery in this case. After failing to make substantial progress toward a global settlement though the settlement discussions held in the cases referenced in Section X below, the Parties will begin exchanging written discovery, followed by deposition pertinent fact witnesses. Particular discovery disputes are not anticipated at this time, and the parties anticipate being able to meet and confer on any ordinary discovery disputes.

**IX.   CLASS ACTIONS**

Not applicable.

**X.   RELATED CASES**

There are no cases that are "related" in the strict sense. However, Mendocino Railway is currently adverse to the City of Fort Bragg in two pending matters: *City of Fort Bragg v. Mendocino Railway, Mendocino County Superior Court*, Case No. 21CV00850; *Mendocino Railway v. Ainsworth*, U.S. Dist. Ct., N.D. Cal., Case No. No. 4:22-cv-04597-JST (currently on appeal).

**XI.   RELIEF**

Plaintiffs seek: (1) damages for costs incurred and to be incurred for the investigation, removal, remediation and/or other mitigation of the contamination or damage to the Property and Mill Pond; (2) an order requiring the City to take such action as may be necessary to remediate and/or to remove all contamination at the Property and Mill Pond caused or conveyed by the City; (3) an order enjoining the City from taking any action(s) that would materially interfere with Plaintiffs' use and enjoyment of the Property and/or Mill Pond, including to cease and desist from continuing to discharge contaminated and polluted stormwater onto the Property; (4) monetary relief on their takings, nuisance, trespass, inverse condemnation, and negligence claims; (5) a declaratory judgment under CERCLA § 113(g)(2), 28 U.S.C. §§ 2201 and 2202, and/or state law that some or all future costs of removal and/or remedial action incurred by Plaintiffs in response to releases caused by the City are costs for which the City must reimburse Plaintiffs, including the incremental cost of any City-mandated "truck and dump" remediation method, and that Plaintiffs' proposed remediation plan for Pond 8 is consistent with the National Contingency Plan.

**XII.   SETTLEMENT AND ADR**

The Parties are agreeable to holding a private mediation session; and, if mediation is unsuccessful, to participating in a settlement conference to be held shortly after the Parties' proposed expert witness disclosure deadline, or approximately 75 days before trial.

**XIII.   OTHER REFERENCES**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XIV.   NARROWING OF ISSUES**

The parties have not identified any specific proposal to narrow the issues in dispute.

## XV. SCHEDULING

The Parties have stipulated that the Expert Witness Disclosure deadline should be set for 120 days before trial, with rebuttal reports due 45 days before trial. Other than those modifications, the Parties have no other proposed modifications to the standard time frames specified in the Federal Rules of Civil Procedure.

## XVI. TRIAL

Given the complexity of the case, and the need to conduct substantial discovery, the Parties request that the trial date be set at least 24 months after the Case Management Conference.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties have each filed a "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15.

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX. OTHER MATTERS

Plaintiffs contacted the City's counsel of record on August 17, August 21, August 28, and September 2, 2025 regarding the status of the City's responsive pleading and/or asking for input on this Case Management Conference Statement. Having received no response as of 3:00 p.m. on September 2, 2025, Plaintiffs were left with no choice except to file this Statement in its present form. It should be noted, however, that the substance of this Statement is very similar to the one that was submitted jointly on June 24, 2025. (ECF No. 41.)

Dated: September 2, 2025

**weintraub tobin** chediak coleman grodin
LAW CORPORATION

By: */s/ David A. Diepenbrock*
David A. Diepenbrock
Attorneys for Plaintiffs
SIERRA NORTHERN RAILWAY and
MENDOCINO RAILWAY