FRED M. BLUM, ESQ. (SBN 101586)
fblum@eghblaw.com
WILLIAM NOEL EDLIN, ESQ. (SBN 107796)
nedlin@eghblaw.com
CHRISTOPHER J. DOW, ESQ (SBN 250052)
cdow@eghblaw.com
**EDLIN GALLAGHER HUIE + BLUM**
601 Montgomery Street, Suite 1100
San Francisco, CA 94111
Telephone:      (415) 397-9006
Facsimile:      (415) 397-1339


KRISTA MACNEVIN JEE, ESQ.  (SBN 198650)
kmj@jones-mayer.com
**JONES MAYER**
3777 N. Harbor Blvd.
Fullerton, CA  92835
Telephone:      (714) 446-1400
Facsimile:      (714) 446-1448

Attorneys for Defendant and Counter-Claimant CITY OF FORT BRAGG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| SIERRA NORTHERN RAILWAY, a California corporation, and MENDOCINO RAILWAY, a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FORT BRAGG, et al.,<br><br>Defendants.<br>_____<br><br>CITY OF FORT BRAGG,<br><br>Counter-Claimant,<br><br>vs.<br><br>SIERRRA NORTHERN RAILWAY and | Case No.: 4:24-cv-04810-JST<br><br>**DEFENDANT CITY OF FORT BRAGG'S ANSWER TO PLAINTIFFS' SIERRA NORTHERN RAILWAY AND MENDOCINO RAILWAY'S THIRD AMENDED COMPLAINT WITH DEFENSES AND COUNTERCLAIMS**<br><br>Case Filed:            August 7, 2024 |

1

MENDOCINO RAILWAY,                    )
                                     )
        Counter-Defendants.          )
                                     )
                                     )

**ANSWER**

Defendant City of Fort Bragg ("City"), by its attorneys Edlin Gallagher Huie + Blum and Jones Meyer, answers Plaintiff Sierra Northern Railway's ("SNR") and Plaintiff Mendocino Railway's Third Amended Complaint ("TAC") as follows:

**INTRODUCTION**

1.      City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 1, and on that basis denies these allegations. City denies the remaining allegations in paragraph 1.

2.      City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2, and on that basis denies these allegations.

3.      City denies the allegations in paragraph 3.

4.      City denies the allegations in paragraph 4.

5.      City denies the allegations in paragraph 5.

6.      City denies the allegations contained in the first sentence of paragraph 6.  City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining allegations of paragraph 6, and on that basis denies these allegations.

**THE PARTIES**

7.      City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis denies these allegations.

8.      City admits the allegation in paragraph 8 that "[t]he City is a municipality in the County of Mendocino that has been named a Defendant."  The City denies the remaining allegations in paragraph 8,

9.      City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis denies these allegations.

2

**JURISDICTION AND VENUE**

10.     The allegations in paragraph 10 set forth legal conclusions to which no response is required.  To the extent a response in required, City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and on that basis denies these allegations.

11.     The allegations in paragraph 11 set forth legal conclusions to which no response is required.  To the extent a response in required, City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and on that basis denies these allegations.

12.     The allegations in paragraph 12 set forth legal conclusions to which no response is required.  To the extent a response in required, City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and on that basis denies these allegations.

13.     City denies the allegations contained in the first sentence of paragraph 13.  City admits that Plaintiffs Sierra Northern Railway and Mendocino Railway submitted a claim to the City which was received by the City on January 22, 2024 (City Claim No. 2024-1), and further admits that Plaintiff Sierra Northern Railway submitted a claim to the City which was received by the City on June 25, 2024 (City Claim No. 2024-15); each of these claims asserted alleged ongoing damage to the "Mill Pond" from the City's alleged release/discharge of stormwater onto the former Georgia-Pacific Mill Site.  The City is informed and believes that the latter was returned as late by the City's claims administrator, George Hills (Claim No. GHC006337), on or about January 30, 2024.  Except as expressly admitted or denied herein, City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13, and on that basis denies these allegations.

14.     City admits that Plaintiffs Sierra Northern Railway and Mendocino Railway submitted a claim to the City which was received by the City on January 22, 2024 (City Claim No. 2024-1), and which the City is informed and believes was returned as late by the City's claims administrator, George Hills (Claim No. GHC006337), on or about January 30, 2024.

Except as expressly admitted or denied herein, City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14, and on that basis denies these allegations.

15.    City admits that Plaintiff Sierra Northern Railway submitted the above-referenced June 25, 2024 claim, and that it purports to be an "Amended" claim, as identified on the face of the submitted claim form.  As to the remainder of the allegations in paragraph 15, these set forth legal conclusions to which no response is required.  To the extent a response in required, City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15, and on that basis denies these allegations.

16.    The allegations in paragraph 16 set forth legal conclusions to which no response is required.  To the extent a response in required, City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and on that basis denies these allegations.

17.    The allegations in paragraph 17 set forth legal conclusions to which no response is required.  To the extent a response in required, City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and on that basis denies these allegations.

## FACTUAL ALLEGATIONS

18.    City denies that the wastewater treatment plant of the Fort Bragg Municipal Improvement District, located adjacent to the Property, is any part of the Property.  Except as expressly denied, City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18, and on that basis denies these allegations.

19.    City admits that the Regional Water Quality Board previously oversaw environmental cleanup at the Property and the cleanup is now overseen by the DTSC.  City admits that Georgia-Pacific expended some amount of money conducting environmental cleanup in areas of the Property other than the Mill Pond, and that Georgia-Pacific received significant contributions from other entities toward such cleanup costs.  Except as admitted, City is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19, and on that basis denies these allegations.

20.　City admits that the Property includes a water body commonly known as the Mill Pond and also known as Pond 8, which encompasses an area of about 10 acres. Except as admitted, City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20, and on that basis denies these allegations.

21.　City admits that the Mill Pond was once the main stem of Alder Creek, which was undergrounded and dammed in the late 1900s and early 21st Century when the mill site was developed. City also admits that stormwater and natural water flows to and within the Mill Site, some of which in turn flows to the Mill Pond; these flows have occurred for more than a century. City denies the implied allegations that the sole source of water flowing through or at the outfalls of "Station D" and "Station CE" in Exhibit 1 are or have been "municipal stormwater," that the source of contaminants is "municipal stormwater" or can be separated from contaminants due to Plaintiffs or their predecessors. Except as admitted, City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21, and on that basis denies these allegations.

22.　City admits that stormwater and natural water flows to and within the Mill Site, some of which in turn flows to the Mill Pond; these flows have occurred for more than a century. City also admits that it is aware of a purported sampling study conducted by Kennedy Jenks, but expressly does not admit any of the facts, findings or conclusions in such study/report, nor any alleged liability of the City relating thereto. Except as admitted or denied herein, City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 and on that basis denies these allegations.

23.　City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and on that basis denies these allegations.

24.　City denies the allegations in paragraph 24.

25.　City denies the allegations in paragraph 25.

26.　City denies the allegations in paragraph 26.

27. City denies the allegations in paragraph 27.

28. City denies the allegations in paragraph 28.

29. City denies the allegations in paragraph 29

30. City denied the allegations in paragraph 30.

## FIRST CLAIM FOR RELIEF

(CERCLA Section 107 Response Costs)

31. As to the allegations in paragraph 31, City incorporates by reference its responses to the allegations contained in paragraphs 1-30 of the TAC as though fully set forth in its response to paragraph 31.

32. The allegations in paragraph 32 set forth legal conclusions to which no response is required. To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

33. The allegations in paragraph 33 set forth legal conclusions to which no response is required. To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

34. The allegations in paragraph 34 set forth legal conclusions to which no response is required. To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

35. The allegations in paragraph 35 set forth legal conclusions to which no response is required. To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

36. The allegations in paragraph 36 set forth legal conclusions to which no response is required. To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

37. The allegations in paragraph 37 set forth legal conclusions to which no response is required. To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

38. City admits that the DTSC issued a Site Investigation and Remediation Order on

February 16, 2007 to Georgia-Pacific Corporation in Docket No. HAS-RAO- 06-07-150, relating to the Property.  Except as admitted, the City is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 38, and on that basis denies these allegations.

39.     City admits that DTSC issued a First Amendment to Site Investigation and Remediation Order on June 9, 2022 to Mendocino Railway in Docket No. HAS-RAO- 06-07-150, relating to the Property.  City further admits this order cites to various draft plans, reports, and other documents attributed to "Kennedy/Jenks."  Except as admitted, the City is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39, and on that basis denies these allegations.

40.     City admits that DTSC issued a Second Amendment to Site Investigation and Remediation Order on December 4, 2024 to Sierra Northern Railway in Docket No. HAS-RAO-06-07-150, relating to the Property – after DTSC had determined, as communicated to Plaintiffs in a letter dated November 4, 2024, that there was insufficient evidence to name the City as a source of the dioxin-furan contamination at the Property and refused to add the City as a Respondent on DTSC's Remediation Orders.  Except as admitted, the City is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40, and on that basis denies these allegations.

41.     The allegations in paragraph 41 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

42.     City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42, and on that basis denies these allegations.

43.     City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 43, and on that basis denies these allegations.  The allegations in the last sentence of paragraph 43 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

44.    City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44, and on that basis denies these allegations.

45.    City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45, and on that basis denies these allegations.

46.    City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, and on that basis denies these allegations.

47.    City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47, and on that basis denies these allegations.

48.    City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48, and on that basis denies these allegations.

49.    The allegations in paragraph 49 set forth legal conclusions to which no response is required.  To the extent a response is required, City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49, and on that basis denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

50.    The allegations in paragraph 50 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

51.    The allegations in paragraph 51 set forth legal conclusions to which no response is required.  To the extent a response is required, City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51, and on that basis denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

52.    City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52, and on that basis denies these allegations.

53.    The allegations in paragraph 53 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

54.    The allegations in paragraph 54 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies

that Plaintiffs are entitled to the relief sought.

55.     City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55, and on that basis denies these allegations.

56.     The allegations in paragraph 56 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiff is entitled to the relief sought.

## SECOND CLAIM FOR RELIEF

(Declaratory Relief Under CERCLA-Against the City)

57.     As to the allegations in paragraph 57, City incorporates by reference its responses to the allegations contained in paragraphs 1-56 of the TAC as though fully set forth in its response to paragraph 57.

58.     The allegations in paragraph 58 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiff is entitled to the relief sought.

59.     The allegations in paragraph 59 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

60.     The allegations in paragraph 60 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

## THIRD CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Unlawful Taking – Against the City)

61.     As to the allegations in paragraph 61, City incorporates by reference its responses to the allegations contained in paragraphs 1-60 of the TAC as though fully set forth in its response to paragraph 61.

62.     The allegations in paragraph 62 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

63.    The allegations in paragraph 63 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations, including but not limited to the implied allegation that the City is a "political subdivision" of the State of California – which it is not, and further denies that Plaintiffs are entitled to the relief sought.

64.    The allegations in paragraph 64 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

65.    The allegations in paragraph 65 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

66.    The allegations in paragraph 66 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

67.    City denies the allegations in the first two sentences of paragraph 67.  The allegations in last sentence of paragraph 67 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

68.    As to the allegations in paragraph 68, City admits only that it has held various Stormwater Awareness Weeks, which primarily include training hosted by industry consultants that is promoted by the City for attendance by relevant professionals and industries.  As to the remaining allegations in paragraph 68, City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, and on that basis denies these allegations.

69.    The allegations in paragraph 69 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

70.    The allegations in paragraph 70 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies

DEFENDANT CITY OF FORT BRAGG'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
WITH DEFENSES AND COUNTERCLAIMS
Case No. 4:24-ev-04810 JST

that Plaintiffs are entitled to the relief sought.

## FOURTH CLAIM FOR RELIEF

(Contribution and Indemnity Under State Law– Against All Defendants)

71.    As to the allegations in paragraph 71, City incorporates by reference its responses to the allegations contained in paragraphs 1-70 of the TAC as though fully set forth in its response to paragraph 71.

72.    The allegations in paragraph 72 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

73.    The allegations in paragraph 73 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

74.    The allegations in paragraph 74 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

## FIFTH CLAIM FOR RELIEF

(Continuing Nuisance – Against All Defendants)

75.    As to the allegations in paragraph 75, City incorporates by reference its responses to the allegations contained in paragraphs 1-74 of the TAC as though fully set forth in its response to paragraph 75.

76.    The allegations in paragraph 76 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

77.    The allegations in paragraph 77 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

78.    The allegations in paragraph 78 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies

11

that Plaintiffs are entitled to the relief sought.

79. The allegations in paragraph 79 set forth legal conclusions to which no response is required. To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

## SIXTH CLAIM FOR RELIEF

### (Inverse Condemnation – Against the City)

80. As to the allegations in paragraph 80, City incorporates by reference its responses to the allegations contained in paragraphs 1-79 of the TAC as though fully set forth in its response to paragraph 80.

81. The allegations in paragraph 81 set forth legal conclusions to which no response is required. To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

82. The allegations in paragraph 82 set forth legal conclusions to which no response is required. To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

83. The allegations in paragraph 83 set forth legal conclusions to which no response is required. To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

84. City denies the allegations in paragraph 84.

85. City denies the allegations in the first sentence of paragraph 85. The remaining allegations in paragraph 85 set forth legal conclusions to which no response is required. To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

86. City denies the allegations in paragraph 86.

87. City denies the allegations in paragraph 87.

88. City admits that its City Manager received a letter dated April 24, 2024, from legal counsel for Plaintiff Sierra Norther Railway, demanding that the City immediately cease and desist discharging stormwater onto the Property. As to the remaining allegations in

paragraph 88, City denies these allegations.

89.    City denies the allegations in paragraph 89.

90.    City denies the allegations in paragraph 90.

91.    The allegations in paragraph 91 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

92.    The allegations in paragraph 92 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

93.    City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 93, and on that basis denies these allegations.  The remaining allegations in paragraph 93 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

## SEVENTH CLAIM FOR RELIEF

(Negligence – Against the City)

94.    As to the allegations in paragraph 94, City incorporates by reference its responses to the allegations contained in paragraphs 1-93 of the TAC as though fully set forth in its response to paragraph 94.

95.    The allegations in paragraph 95 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations – in particular on the basis, among other bases, that the City and its employees are *not* liable for common law negligence and are only liable as *expressly* provided by statute, pursuant to California Government Code Sections 815 and 815.2, and they are *not* liable for the acts of *others* (Cal. Govt. Code § 820.8; *see* paragraph 96), and further denies that Plaintiffs are entitled to the relief sought.

96.    As to the allegations in paragraph 96, City admits only that it has held various Stormwater Awareness Weeks, which primarily include training hosted by industry consultants

that is promoted by the City for attendance by relevant professionals and industries.   As to the allegations in the first sentence of paragraph 96, these set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations – in particular on the basis, among other bases, that the City and its employees are *not* liable for common law negligence and are only liable as *expressly* provided by statute, pursuant to California Government Code Sections 815 and 815.2, and they are *not* liable for the acts of *others* (Cal. Govt. Code § 820.8; *see* paragraph 96), and further denies that Plaintiffs are entitled to the relief sought.  As to the remaining allegations in paragraph 96, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations and further denies Plaintiffs are entitled to the relief sought.

97.     As to the allegations in paragraph 97, the City is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies these allegations and further denies Plaintiffs are entitled to the relief sought.

98.     The allegations in paragraph 98 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations – in particular on the basis, among other bases, that the City and its employees are *not* liable for common law negligence and are only liable as *expressly* provided by statute, pursuant to California Government Code Sections 815 and 815.2, and they are *not* liable for the acts of *others* (Cal. Govt. Code § 820.8; *see* paragraph 96), and further denies that Plaintiffs are entitled to the relief sought.

99.     The allegations in paragraph 99  set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations – in particular on the basis, among other bases, that the City and its employees are *not* liable for common law negligence and are only liable as *expressly* provided by statute, pursuant to California Government Code Sections 815 and 815.2, and they are *not* liable for the acts of *others* (Cal. Govt. Code § 820.8; *see* paragraph 96), and further denies that Plaintiffs are entitled to the relief sought.

100.     The allegations in paragraph 100 set forth legal conclusions to which no response

is required.  To the extent a response is required, City denies these allegations – in particular on the basis, among other bases, that the City and its employees are *not* liable for common law negligence and are only liable as *expressly* provided by statute, pursuant to California Government Code Sections 815 and 815.2, and they are *not* liable for the acts of *others* (Cal. Govt. Code § 820.8; *see* paragraph 96), and further denies that Plaintiffs are entitled to the relief sought.

101.    The allegations in paragraph 101 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations – in particular on the basis, among other bases, that the City and its employees are *not* liable for common law negligence and are only liable as *expressly* provided by statute, pursuant to California Government Code Sections 815 and 815.2, and they are *not* liable for the acts of *others* (Cal. Govt. Code § 820.8; *see* paragraph 96), and further denies that Plaintiffs are entitled to the relief sought.

### EIGHTH CLAIM FOR RELIEF

(Continuing Trespass – Against All Defendants)

102.    As to the allegations in paragraph 102, City incorporates by reference its responses to the allegations contained in paragraphs 1-101 of the TAC as though fully set forth in its response to paragraph 102.

103.    The allegations in paragraph 103 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations -- in particular on the basis, among other bases, that the City and its employees are *not* liable for common law trespass and are only liable as *expressly* provided by statute, pursuant to California Government Code Sections 815 and 815.2, and they are *not* liable for the acts of *others* (Cal. Govt. Code § 820.8; *see* paragraph 96), and further denies that Plaintiffs are entitled to the relief sought.

104.    As to the allegations in paragraph 104, the City is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies these allegations -- in particular on the basis, among other bases, that the City and its employees are *not* liable for common law trespass and are only liable as *expressly* provided by statute,

pursuant to California Government Code Sections 815 and 815.2, and they are *not* liable for the acts of *others* (Cal. Govt. Code § 820.8; *see* paragraph 96), and further denies Plaintiffs are entitled to the relief sought.

105.    The allegations in paragraph 105 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations -- in particular on the basis, among other bases, that the City and its employees are *not* liable for common law trespass and are only liable as *expressly* provided by statute, pursuant to California Government Code Sections 815 and 815.2, and they are *not* liable for the acts of *others* (Cal. Govt. Code § 820.8; *see* paragraph 96), and further denies that Plaintiffs are entitled to the relief sought.

106.    The allegations in paragraph 106 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations -- in particular on the basis, among other bases, that the City and its employees are *not* liable for common law trespass and are only liable as *expressly* provided by statute, pursuant to California Government Code Sections 815 and 815.2, and they are *not* liable for the acts of *others* (Cal. Govt. Code § 820.8; *see* paragraph 96), and further denies that Plaintiffs are entitled to the relief sought.

107.    The allegations in paragraph 107 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations -- in particular on the basis, among other bases, that the City and its employees are *not* liable for common law trespass and are only liable as *expressly* provided by statute, pursuant to California Government Code Sections 815 and 815.2, and they are *not* liable for the acts of *others* (Cal. Govt. Code § 820.8; *see* paragraph 96), and further denies that Plaintiffs are entitled to the relief sought.

108.    The allegations in paragraph 108 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations -- in particular on the basis, among other bases, that the City and its employees are *not* liable for common law trespass and are only liable as *expressly* provided by statute, pursuant to California Government Code Sections 815 and 815.2, and they are *not* liable for the acts of *others* (Cal. Govt. Code § 820.8; *see* paragraph 96), and further denies that Plaintiffs are entitled to the relief sought.

///

## NINTH CLAIM FOR RELIEF

(Declaratory Relief Under State Law– Against the City)

109.    As to the allegations in paragraph 109, City incorporates by reference its responses to the allegations contained in paragraphs 1-108 of the TAC as though fully set forth in its response to paragraph 109.

110.    The allegations in paragraph 110 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

111.    City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111, and on that basis denies these allegations.

112.     City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112, and on that basis denies these allegations.

113.    City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113, and on that basis denies these allegations.

114.    City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114, and on that basis denies these allegations.

115.    City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115, and on that basis denies these allegations.

116.    The allegations in paragraph 116 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

117.    The allegations in paragraph 117 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations – including on the basis, among other bases, that declaratory relief is not justified or proper while the DTSC continues to exercise its jurisdiction over the Property and has not yet made any determination on the allowable remediation of the Property by Plaintiff(s), and further denies that Plaintiffs are entitled to the relief sought.

///

118.    The allegations in paragraph 118 set forth legal conclusions to which no response is required.  To the extent a response is required, City denies these allegations and further denies that Plaintiffs are entitled to the relief sought.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.    City alleges, as a separate and distinct affirmative defense, that the TAC fails to state a claim upon which relief can be granted. The factual allegations set forth in the TAC, even if taken as true, do not establish a legal basis for the relief sought by Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

(Standing)

2.    City alleges, as a separate and distinct affirmative defense, that Plaintiffs lack standing to bring each and every claim in this action. City alleges that Plaintiffs do not have a sufficient legal right or interest in the subject matter of the claims. City contends that the Plaintiffs' lack of standing precludes it from pursuing the relief sought in this case.

## THIRD AFFIRMATIVE DEFENSE

(Uncertainty, Ambiguity, and Vagueness)

3.    City alleges, as a separate and distinct affirmative defense, that Plaintiffs' claims, as set forth in the TAC are unclear, ambiguous, and vague. The allegations are presented in a manner which lacks the necessary clarity to inform City of the specific conduct being challenged.

## FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

4.    The TAC and each claim therein are barred by the applicable statutes of limitations, including, but not limited to, California Government Code sections 901, 911.2, 945.6, and California Code of Civil Procedure sections 335 through 349.4.

///

///

18

## FIFTH AFFIRMATIVE DEFENSE

### (Subject Matter Jurisdiction)

5.      City alleges, as a separate and distinct affirmative defense, that the Court lacks subject matter jurisdiction over City.  The TAC fails to present a cognizable claim arising under the Constitution, laws, or treaties of the United States, and fails present a cognizable claim supporting the Court's diversity jurisdiction.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.  City alleges, as a separate and distinct affirmative defense, that waiver applies and bars or reduces Plaintiffs' claims and damages as alleged in the TAC. Plaintiffs, or their predecessors, voluntarily and intentionally relinquished known rights which negate the claims in the TAC. City alleges that the Plaintiffs', or their predecessors', actions or inactions demonstrate a clear waiver of the rights now being asserted.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.      City alleges, as a separate and distinct affirmative defense, that estoppel applies and bars or reduces Plaintiffs' claims and damages as alleged in the TAC. Plaintiffs, or their predecessors, have made representations or engaged in conduct that led City to reasonably rely on those actions to its detriment.  City contends that Plaintiffs' conduct, or that of their predecessors, has created an estoppel, preventing them from asserting the claims now being pursued.

## EIGHTH AFFIRMATIVE DEFENSE

### (Contributory or Comparative Fault)

8.      City alleges, as a separate and distinct affirmative defense, that persons or entities other than City caused or contributed to damages, if any, allegedly suffered by Plaintiffs. These persons' or entities' negligence or other wrongful conduct eliminates or comparatively reduces the percentage of liability, if any, of City by virtue of the doctrine of comparative negligence.

///

## NINTH AFFIRMATIVE DEFENSE

(Intervening Superseding Acts)

9.    City alleges, as a separate and distinct affirmative defense, that City is not liable to Plaintiffs because of the subsequent and intervening acts of Plaintiffs, other third parties and/or acts of God, all of which caused the damages, if any, alleged in the TAC.

## TENTH AFFIRMATIVE DEFENSE

(Equitable Estoppel/Equitable Indemnity)

10.    City alleges, as a separate and distinct affirmative defense, that the TAC and each claim are barred by the doctrines of equitable estoppel and equitable indemnity.  City alleges that Plaintiffs are equitably estopped from asserting the claims set forth in the TAC due to Plaintiffs' own conduct, representations, or omissions, or that of their predecessors, which Defendant reasonably relied upon to their detriment.  As to equitable indemnity, City alleges that if it is found liable to Plaintiffs, such liability arises solely from the acts, omissions, or negligence of third parties over whom Defendant had no control.  Defendant is entitled to equitable indemnity from such third parties for any damages awarded to Plaintiffs, as Defendant's liability, if any, is secondary, passive, or derivative in nature.  Defendant requests that the court apportion any damages awarded to Plaintiffs among all responsible parties, including those not named in the Complaint, in accordance with principles of equity and fairness.

## ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Join Indispensable or Necessary Parties)

11.    City alleges, as a separate and distinct affirmative defense, that Plaintiffs have failed to join all necessary and/or indispensable parties needed for a just adjudication of the subject matter of this action.  The absence of these parties prevents the Court from rendering a complete and equitable judgment, as their interests are directly affected by the outcome of this litigation.  Without their participation, the Court cannot accord complete relief among the existing parties, and proceeding without them may impair or impede their ability to protect their interests.

///

## TWELFTH AFFIRMATIVE DEFENSE

(Due Care - Conformance With Laws)

12.     City alleges, as a separate and distinct affirmative defense, that at all times relevant herein, City acted reasonably and with due care, and complied with all statutory, regulatory, and common law requirements in connection with activities that are the subject matter of this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Act of God, War or Third Party)

13.     City alleges, as a separate and distinct affirmative defense, that the existence of any hazardous substances releases was caused solely by one or more acts of God, an act of war, by the acts or omissions of a third party or parties, other than City, or an agent of City, and with whom City had no contractual agreements.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

14.     City alleges, as a separate and distinct affirmative defense, that City did not cause any damage to Plaintiffs.  As such, any recovery by Plaintiffs is barred, in whole or in part, under the principles of setoff, recoupment, and or/unjust enrichment.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Offset)

15.     City alleges, as a separate and distinct affirmative defense, that if Plaintiffs are held entitled to recover any costs or damages against City, which entitlement City denies, such recovery must be reduced and offset by: (1) any amount previously obtained for any damages alleged in the TAC, by Plaintiffs, or their predecessors, from any person or entity and; (2) the equitable share of the liability of any person or entity from which Plaintiffs, or their predecessors, previously received payment, whether by direct payment, or by offset, or a release from contribution or covenant not to sue with respect to any of the damages to which the TAC alleges.

///

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Violation of Regulatory Standards)

16.    City alleges, as a separate and distinct affirmative defense, the TAC and each claim are barred to the extent costs, if any, were incurred by Plaintiffs as a result of a violation of regulatory standards or failure to cooperate with public agencies or officials.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Meet Prerequisites)

17.    City alleges, as a separate and distinct affirmative defense, that the TAC and each cause of action therein are barred in whole or in part to the extent that Plaintiffs failed to meet the statutory and legislative prerequisites for filing and maintaining a lawsuit.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

18.    City alleges, as a separate and distinct affirmative defense, that City has substantially complied with the requirements of state and federal law as they pertain to this lawsuit and such substantial compliance bars Plaintiffs' claims.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Full Performance under Permits, Standards, Regulations)

19.    City alleges, as a separate and distinct affirmative defense, that City has fully performed each and every obligation arising under each of the permits, standards, regulations, conditions, requirements, prohibitions, or orders required by law, or any implementing regulations, or judicial interpretations. Therefore, the TAC fails to state a claim against City premised upon violation of any such law, permit, standard or regulation.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Abstention)

20.    City alleges, as a separate and distinct affirmative defense, that the matters averred in the TAC are subject to ongoing agency enforcement, thus the Court should abstain from exercising primary jurisdiction over such matters. Specifically, Plaintiffs admit the DTSC is overseeing the cleanup; of the subject Property through its Site Investigation and Remediation

Order, as amended, Docket No. HSA-RAO 06-07-150.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Unclean Hands)

21.     City alleges, as a separate and distinct affirmative defense, that the TAC and each claim therein are barred by the doctrine of unclean hands.  Defendant asserts the affirmative defense of unclean hands. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs, or their predecessors, engaged in conduct that is inequitable and unjust, directly related to the subject matter of the claims asserted in the Complaint. Plaintiffs' actions, or those of their predecessors, have tainted the equitable relief sought, and as such, Plaintiffs are not entitled to the relief requested due to their own misconduct, or that of their predecessors.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Assumption of Risk)

22.     City alleges, as a separate and distinct affirmative defense, that Plaintiffs knowingly and voluntarily assumed the risk, if any, of the damages to which the TAC alleges thus barring Plaintiffs' claims for relief, in whole or in part. Specifically, Plaintiffs purchased the subject Property knowing it was contaminated with hazardous substances, and containing natural and constructed water flows, with which their predecessors consented, benefitted, and constructed or otherwise caused.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Response Costs)

23.     City alleges, as a separate and distinct affirmative defense, that the costs incurred or to be incurred do not constitute recoverable response, remedial, or removal costs within the meaning of CERCLA, and are unreasonable, unnecessary, and inconsistent with the National Contingency Plan (NCP), and are not recoverable. Plaintiffs' remedial and/or removal actions to date have not complied with the NCP.

///

///

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Preemption of State Claims)

24.     City alleges, as a separate and distinct affirmative defense, that Plaintiffs' state law claims are preempted by federal law. The claims in the Complaint are based on state law that is superseded by federal statutes and regulations governing the same subject matter. As such, federal law precludes the Plaintiffs from pursuing these state law claims in this action or is otherwise duplicative and barred.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Failure to Perform Obligations)

25.     City alleges, as a separate and distinct affirmative defense, that the claims for relief averred in the TAC are barred, in whole or in part, by Plaintiffs' failure to perform their obligations owed to City and/or to other parties or third parties and such obligations were not excused, prevented or waived.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Obligations Satisfied)

26.     City alleges, as a separate and distinct affirmative defense, that any obligations City owed to Plaintiffs have been satisfied, released or otherwise discharged. Therefore, Plaintiffs have suffered no cognizable damages and are not entitled to bring this action or are not entitled to any recovery therein.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Res Judicata and Collateral Estoppel)

27.     City alleges, as a separate and distinct affirmative defense, that Plaintiffs' claims are barred by the doctrine of res judicata and collateral estoppel to the extent that prior judgments and orders affecting Plaintiffs' claims have been rendered in this and other matters.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Set Off)

28.     City alleges, as a separate and distinct affirmative defense, that if the Court enters an order requiring City to pay damages, losses, or costs to Plaintiffs, then City is entitled to a

setoff or recoupment against Plaintiffs in an amount reflecting the damages suffered by City as a result of Plaintiffs' responsibility for the damages or losses alleged in the TAC.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Spoliation)

29.     City alleges, as a separate and distinct affirmative defense, that Plaintiffs' claims should be limited or barred because of Plaintiffs' loss or spoliation of evidence relevant to proving or disproving the matters alleged in the TAC.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Supplemental Jurisdiction)

30.     City alleges, as a separate and distinct affirmative defense, that the Court lacks supplemental jurisdiction over Plaintiffs' state law claims Defendant asserts that this Court lacks supplemental jurisdiction over the state law claims asserted by Plaintiffs.  The state law claims do not form part of the same case or controversy as the federal claims, as required under 28 U.S.C. § 1367.  Therefore, the Court should decline to exercise supplemental jurisdiction over these claims.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (California Government Claims Act)

31.     City alleges, as a separate and distinct affirmative defense, that Plaintiffs' claims are barred because it did not comply with the provisions of the California Government Claims Act, California Government Code Section 810 et seq., and/or such claims fail to set forth all bases for relief or fail to match the Complaint as required by law.  City alleges Plaintiffs' claims were not timely or properly presented to the City.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Government Immunities)

32.     City alleges, as a separate and distinct affirmative defense, that City is statutorily immune from liability under Article 1, Chapter 2, Division 3.6, Title 1, of the California Government Code, including, but not limited to, Government Code sections 815; 815.2; 818.6; 820.2; 820.8; 830; 830.2; 830.6; 835; 835.2; 835.4, and 840.6.  In particular, the City is immune

from liability except as *expressly* provided by statute, including for the allegedly negligent or willful acts or omissions of its employees, officers, and representatives, and as to common law negligence, nuisance, trespass, etc. Pursuant to Government Code section 818.6, City is not liable for injury caused by its failure to inspect, or its inadequate or negligent inspection, of the subject Property for the purpose of determining whether the Property complies with or violates any enactment or contains or constitutes a hazard to health or safety.  Pursuant to Government Code section 820.2, City is not liable for any alleged injuries that result from its employees' discretionary acts or omissions.  Pursuant to Government Code section 830.6, City is not liable for any alleged injury that was caused by a condition of public Property, because the condition was created by reasonable plans and designs that received discretionary approval.  Pursuant to Government Code section 835.4, City is not liable for any alleged injury that was caused by a dangerous condition of public Property, because City's actions or omissions to protect against the risk of injury created by the condition were reasonable, given the time and opportunity available for taking action, and because the probably and gravity of potential injury to persons and Property foreseeably exposed to the risk of injury was weighed against the practicability and cost of protecting against the risk of such injury.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Federally Permitted Release)

33.     City alleges, as a separate and distinct affirmative defense, that the TAC and each claim contained therein is barred on the ground that, to the extent the alleged releases of hazardous substances, if any, were in whole or part federally permitted releases, they are exempt from liability under Section 107(j) of CERCLA, 42 U.S.C. § 9607(j).

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Action Authorized by Statute)

34.     City alleges, as a separate and distinct affirmative defense, that the actions and conditions complained of by Plaintiffs are expressly authorized by statute, ordinance, or administrative regulation, and may not be judged a nuisance under Civil Code section 3482.

///

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

35. City alleges, as a separate and distinct affirmative defense, that Plaintiffs have failed to exhaust administrative remedies available to them prior to bringing the instant action. Plaintiffs did not pursue or complete the necessary administrative procedures available for resolving the issues raised in the TAC, as required by applicable law.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Necessity)

36. City alleges, as a separate and distinct affirmative defense, that with respect to matters which are the subject of the TAC, Defendant's actions were reasonably necessary to address an emergency situation. Any actions taken by Defendant were necessary as there was no reasonable legal alternative; the harm caused by the act was not disproportionate to the harm avoided; Defendant had a good faith belief that the act was necessary to prevent the greater harm; the belief was objectively reasonable; and Defendant did not substantially contribute to the emergency.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Cost Recovery Under CERCLA)

37. City alleges, as a separate and distinct affirmative defense, that Plaintiffs are not entitled to the cost recovery sought under Section 107 of CERCLA, 42 U.S.C., § 9607, because it is not an innocent party but rather is potentially responsible party as the owner of the subject Property. .

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Causation – Not Fairly Traceable)

38. City alleges, as a separate and distinct affirmative defense, that the conditions described in TAC are not "fairly traceable" to City's acts or omissions. Defendant did not contribute to the release or threatened release that caused the response costs claimed by Plaintiffs.

///

## THIRTY-NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

39.     City alleges, as a separate and distinct affirmative defense, that Plaintiffs have failed to mitigate their damages, if any, in connection with the matters referred to in the TAC. This failure to mitigate bars and/or diminishes Plaintiffs' recovery, if any, against City.

## FOURTIETH AFFIRMATIVE DEFENSE

(Offset of Voluntary Investigation/Remediation)

40.     City alleges, as a separate and distinct affirmative defense, that if City is adjudged liable to Plaintiffs, which liability is expressly denied, City is entitled to offset any damages awarded by the amount of costs and fees incurred by City in its voluntary investigation and remediation of the Property at issue here.

## FORTY-FIRST AFFIRMATIVE DEFENSE

(No Joint and Several Liability)

41.     City alleges, as a separate and distinct affirmative defense, that City is not jointly and severally liable for any damage alleged in the TAC because any effect of any act or omission of City or any other defendant is divisible and distinct from any compensable damage, if any, incurred by Plaintiffs.  Defendants can demonstrate that the harm is divisible and that their contribution to the contamination, if any, can be reasonably apportioned.

## FORTY-SECOND AFFIRMATIVE DEFENSE

(Privilege and Justification)

42     City alleges, as a separate and distinct affirmative defense, that privilege and justification apply and bars or reduces Plaintiffs' claims and damages as alleged in the TAC. City asserts its actions were privileged and justified under the circumstances. City acted in accordance with a legal right or duty, which provides a complete defense to the Plaintiffs' claims.

///

///

///

28

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Consent)

43    City alleges, as a separate and distinct affirmative defense, that Plaintiffs, or their predecessors, consented to the actions or conduct alleged in the TAC. Plaintiffs' consent, or their predecessors', was informed and given freely, which serves as a complete defense to the allegations.

## COUNTER-CLAIMS AGAINST PLAINTFFS SNR AND MENDOCINO RAILWAY

Defendant, City of Fort Bragg, pursuant to Rule 13 of the Federal Rules of Civil procedure, alleges the following counterclaims against Plaintiffs SNR and Mendocino Railway.

## PARTIES

1.    Defendant and Counterclaimant City is, and at all times mentioned was, a municipality located in Mendocino County, California.

2.    Upon information and belief, Plaintiff SNR is, and at all times herein mentioned was, a California stock corporation with its principal address at 1745 Enterprise Blvd., West Sacramento, Sacramento County, California who owns a parcel of real Property located at 90 West Redwood Avenue, Fort Bragg, Mendocino County, California (the "Property").

3.    Upon information and belief, Plaintiff Mendocino Railway is, and at all times herein mentioned was a California stock corporation with its principal address at 1655 Da Vinci Court, Davis, Yolo County, California and a former owner of the Property.

## JURISDICTION AND VENUE

4.    Jurisdiction over City's counterclaims is based on 28 U.S.C. § 1331 and on 42 U.S.C. § 9613(b). These counterclaims are brought under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601, *et seq.* ("CERCLA"), and arising out of alleged contamination at the Property. Jurisdiction over the state law claims is based on 28 U.S.C. § 1367(a). These state law claims are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. §

9613(b) as the alleged acts and omissions relate to hazardous waste and hazardous substances in the environment, and the other events or omissions that give rise to the claims herein, occurred in this judicial district.  Without admitting any of the allegations except as set forth in City's Answer to Plaintiff SAR's and Mendocino Railway's TAC, City incorporates Plaintiffs' TAC for the sole purpose of setting forth the allegations of Plaintiff to which these counter-claims relate.

6.　City denies it is liable to Plaintiffs and denies that Plaintiffs are entitled to any relief against City as requested or otherwise.

**FIRST COUNTER-CLAIM AGAINST PLAINTIFFS/COUNTER-DEFENDANTS**

(Contribution Pursuant to CERCLA Section 113)

7.　City refers to and incorporates herein by reference paragraphs 1 through 6 of these counterclaims as though fully set forth herein.

8.　City did not contribute to the alleged contamination at the Property.

9.　City is informed and believes, and on that basis alleges, that SNR, as a current owner and current operator, and Mendocino Railway, as a former owner and operator, are responsible for the alleged contamination of the Property.

10.　To the extent SNR and Mendocino Railway have incurred recoverable response costs pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), and assert liability for some or all of those costs against City pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), or assert a contribution claim against City for such costs incurred by another party pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), City is entitled to one-hundred percent (100%) contribution, or contribution in such other percentage as this Court deems appropriate, pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), from SNR and Mendocino Railway.

**SECOND COUNTER-CLAIM AGAINST PLAINTIFFS/COUNTER-DEFENDANTS**

(Declaratory Relief Under Federal Law)

11.　City refers to and incorporates herein by reference paragraphs 1 through 10 of these counterclaims as though fully set forth herein.

12.　City is entitled to and hereby seeks a declaratory judgment, pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), of SNR's liability to City, all response costs incurred or to

be incurred by City for the Property and for responding to the "releases" and/or "threatened releases" of wastes and adverse environmental consequences at issue herein.

13.    City is entitled to, and hereby seeks, a judicial determination pursuant to the Federal Declaratory Relief Act, 28 U.S.C. § 2201, of City' right to reimbursement from and indemnification by SNR and Mendocino Railway for all costs, jointly and severally, which City may incur resulting from SNR's and Mendocino Railway's contributions to the "release" of wastes into the environment.

### THIRD COUNTERCLAIM AGAINST PLAINTIFFS/COUNTER-DEFENDANTS

(Declaratory Relief Under State Law)

14.    City refers to and incorporates herein by reference paragraphs 1 through 13 of these counterclaims as though fully set forth herein.

15.    City is informed and believes, and on that basis alleges, that all legal liability, whether arising from federal or state statutory law, or from common law, which may in the future be asserted by any entity or individual, arising from or related to the contamination of and at the Property, as alleged, is the sole and actual and/or joint and several liability of SNR and Mendocino Railway.  Therefore, City is entitled to a judicial declaration that SNR and Mendocino Railway are liable to indemnify City for all future damages and costs that may be suffered by City as a result of the contamination at the Property, or, in the alternative, that SNR and Mendocino Railway are liable to contribute to and reimburse City for such damages and costs including, without limitation, costs or damages awarded in legal or administrative actions, costs of compliance with any judicial or administrative order, and costs of litigation including attorneys' fees.

### FOURTH COUNTER-CLAIM AGAINST PLAINTIFFS/COUNTER-DEFENDANTS

(Equitable Indemnification)

16.    City refers to and incorporates herein by reference paragraphs 1 through 15 of these counterclaims as though fully set forth herein.

17.    As a direct and proximate result of SNR's and/or Mendocino Railway's acts or omissions, City has been and will be required to act in the protection of her own interests by

31

defending against the TAC filed in this action, by bringing these counterclaims.

18.    City is without fault with respect to the matters alleged in the TAC and any other claim or action arising directly or indirectly from the alleged contamination of the soil, groundwater, and/or any other environmental media in, at, around, and underlying the Property. To the extent City has any liability for any relief sought in any judicial or administrative proceedings brought against them by any persons or entities with regard to the alleged contamination of the soil, groundwater, and/or any other environmental media in, at, around, and underlying the Property, including without limitation, the pending TAC, such liability is purely secondary, imputed, vicarious or technical, and primary liability attaches to SNR and Mendocino Railway and is attributable to their acts or omissions.

19.    City is informed and believes, and on that basis alleges, that SNR and Mendocino Railway are responsible to indemnify City for any liability arising from SNR's and Mendocino Railway's acts or omissions.  City further alleges that SNR and Mendocino Railway are either totally or partially liable.  If total, City is entitled to total indemnity from SNR and Mendocino Railway for any liability that may be assessed against City arising directly or indirectly from contamination of the soil, groundwater, and/or any other environmental media in, at, around, and underlying the Property.  If partial, SNR and Mendocino Railway are in some manner partially responsible for said liability and in equity must reimburse City for any liability assessed by the Court, based on SNR's and/or Mendocino Railway's own fault for the alleged liability arising directly or indirectly from contamination of the soil, groundwater, and/or any other environmental media in, at, around, and underlying the Property.

## FIFTH COUNTER-CLAIM AGAINST PLAINTIFF/COUNTER-DEFENDANT

### (Contribution)

20.    City refers to and incorporates herein by reference paragraphs 1 through 19 of these counterclaims as though fully set forth herein.

21.    City denies all liability with respect to the alleged contamination of the soil, groundwater, and/or any other environmental media in, at, around, and underlying the Property. However, SNR and Mendocino Railway have alleged that City is liable under a variety of legal

theories. To the extent that City may have any liability for any relief sought in any judicial or administrative proceedings brought against it in by any persons or entities with regard to contamination of the soil and/or groundwater in, at, around and underlying the Property, including without limitation, the pending TAC, SNR and Mendocino Railway are liable to City for contribution for all costs, expenses or damages incurred or awarded in legal or administrative actions, clean-up costs, attorneys' fees and consultants' fees, and costs of litigation.

## SIXTH COUNTER-CLAIM AGAINST PLAINTIFFS/COUNTER-DEFENDANTS

### (Contribution Under Hazardous Substances Account Act)

22. City refers to and incorporates herein by reference paragraphs 1 through 22 of these counterclaims as though fully set forth herein.

23. City is informed and believes, and on that basis alleges, that SNR and Mendocino Railway are each a "person," as defined in the California Hazardous Substances Account Act ("HSAA"), Cal. Health & Safety Code section 25319.

24. City is informed and believes, and on that basis alleges, that SNR and Mendocino Railway are each a "responsible part[y]" as defined in Cal. Health and Safety Code section 25323.5 and CERCLA § 107(a), 42 U.S.C. section 9607(a).

25. City is informed and believes, and on that basis alleges, that SNR is the owner and operator of the Property and Mendocino Railway is a former owner and operator of the Property.

26. City has and may in the future be compelled to incur attorneys' fees, costs, expenses, and in the future may incur liability by reasons of settlement, judgment and/or defense in this action.

27. City may in the future be compelled to incur future costs necessary to monitor, assess, and evaluate the release or threatened release of hazardous substances at, and near, the Property and surrounding areas.

28. City is informed and believes, and on that basis alleges, that SNR and Mendocino Railway are liable under the HSAA resulting from the release and/or threatened release of hazardous substances at and near the Property. Accordingly, City is entitled to contribution from

33

SNR and Mendocino Railway, up to an amount to be proven at trial or otherwise, pursuant to California Health and Safety Code section 25363.

29.   Upon the filing of this counterclaim, or at such time as is required, City will give written notice to the Director of the California Environmental Protection Agency, DTSC, pursuant to Health & Safety Code section 25363(d).

**SEVENTH COUNTER-CLAIM AGAINST PLAINTIFF/COUNTER-DEFENDANT**

(Negligence)

30.   City refers to and herein incorporates by reference paragraphs 1 through 29 of these counterclaims as though fully set forth herein.

31.   SNR and Mendocino Railway owed a duty to refrain from causing injury as alleged in the TAC to the underlying soils and groundwater, and adjacent soils and groundwater, including but not limited to a duty not to cause or allow any releases, threatened releases and/or disposals of hazardous substances as alleged in the TAC, including PCE, at, on, around, under and off of the Property.

32.   In causing and/or allowing the releases, threatened releases, and/or disposals of hazardous substances, including PCE, at, on, around, adjacent to, off of or under the Property, SNR and Mendocino Railway breached their respective duties of care and acted negligently in failing to protect the soil and groundwater.

33.   As a direct and proximate result of SNR's and Mendocino Railway's negligence, City has been damaged in an amount according to proof.

34.   As a further result of SNR's and Mendocino Railway's negligence, City has incurred and will continue to incur attorneys' fees and costs in an amount according to proof for which the SNR is responsible.

**PRAYER**

WHEREFORE, City prays as follows:

1.   That the relief sought by way of the prayers for relief in the TAC be denied in their entirety;

2.   That Plaintiffs take nothing by their TAC;

3. That the TAC against City be dismissed in its entirety;

4. That City be awarded its costs, expert consultants' fees, witness fees, and reasonable attorneys' fees incurred in the defense of this action including the counterclaims and cross actions;

5. For such other and further relief as the Court may deem just and proper;

6. For contribution under CERCLA section 113(f), 42 U.S.C. § 9613(f), from Plaintiffs if City is found liable under CERCLA;

7. For recovery from Plaintiffs for all response costs that will be incurred by City in response to the release and threatened release of hazardous substances at the Property and in the enforcement of CERCLA's statutory liability scheme, according to proof at trial;

8. For a declaration that Plaintiffs are obligated to pay to City all future response costs and any other costs incurred by City hereafter in response, removal or remediation efforts incurred;

9. For incidental and consequential damages according to proof;

10. For pre-judgment interest at the legal rate;

11. For all costs of suit incurred herein;

12. For injunctive relief, as appropriate;

13. For such other and further relief as the Court may deem just and proper.

**City of Fort Bragg demands a jury trial.**

Dated: October 27, 2025                    EDLIN GALLAGHER HUIE + BLUM

By: _/s/ Fred M. Blum_____
FRED M. BLUM
CHRISTOPHER J. DOW
Attorneys for Defendant and Counter-Claimant
CITY OF FORT BRAGG

Dated:  October 27, 2025                    JONES MAYER


By:  /s/ Krista MacNevin Jee
KRISTA MACNEVIN JEE
Attorney for Defendant and Counter-Claimant
CITY OF FORT BRAGG

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA/COUNTY OF San Francisco

I am a citizen of the United States and an employee in the County of San Francisco. I am over the age of eighteen (18) years and not a party to the within action. My business address is EDLIN GALLAGHER HUIE + BLUM, 601 Montgomery Street, Suite 1100, San Francisco, California 94111.

I certify that on the date set forth below, I electronically filed the foregoing document(s):

**DEFENDANT CITY OF FORT BRAGG'SANSWER TO PLAINTIFFS' SIERRA NORTHERN RAILWAY AND MENDOCINO RAILWAY'S THIRD AMENDED COMPLAINT WITH DEFENSES AND COUNTERCLAIMS**

As follows:

  **X** **VIA CM/ECF:** The electronically filed document(s) above are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on October 27, 2025, at Stockton, California.

_____
Casie M. Katusich

DEFENDANT CITY OF FORT BRAGG'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
WITH DEFENSES AND COUNTERCLAIMS
Case No. 4:24-ev-04810 JST