DAVID A. DIEPENBROCK (SBN 215679)
ANNA R. MARCROFT (SBN 343257)
**weintraub tobin** chediak coleman grodin
LAW CORPORATION
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone:    916.558.6000
Facsimile:    916.446.1611
Email: ddiepenbrock@weintraub.com
         amarcroft@weintraub.com

Attorneys for Plaintiffs,
SIERRA NORTHERN RAILWAY and
MENDOCINO RAILWAY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| SIERRA NORTHERN RAILWAY, a California corporation, and MENDOCINO RAILWAY, a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FORT BRAGG, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 4:24-cv-04810-JST<br><br>**DECLARATION OF ANNA R. MARCROFT**<br><br><br>Judge:  Honorable Jon S. Tigar<br><br>Complaint Filed:  August 7, 2024 |

Case No. 4:24-cv-04810-JST

MARCROFT DECLARATION – REQUEST FOR STIPULATED PROTECTIVE ORDER

I, Anna R. Marcroft, declare:

1.      I am an attorney licensed to practice law in the State of California.  I am an associate with Weintraub Tobin Chediak Coleman Grodin Law Corporation, attorneys of record for Plaintiffs Sierra Northern Railway and Mendocino Railway ("Plaintiffs"). I have personal knowledge of the matters set forth herein, and could and would completely testify thereto if called to do so.

2.      I make this declaration pursuant to the Court's June 25, 2026 Order Re Proposed Protective Order (ECF No. 67), and in response to opposing counsel's allegation that I affixed her signature to the proposed order at ECF No. 65 (the "Proposed Order") without her permission.

3.      Opposing counsel's allegation that I affixed her signature to the Proposed Order without her permission is false. Counsel's authorization is documented in writing in a series of emails between counsel and myself, a true and correct copy of which is attached hereto as **Exhibit A**. My correspondence with counsel, including the details of her authorization, is discussed in more detail below.

4.      This dispute arises from Defendant's effort to prevent Plaintiffs' discovery of a 2014 letter from Defendant to third-party Georgia-Pacific, LLC, which Defendant, but *not* Georgia-Pacific, asserts is subject to an alleged mediation privilege. Plaintiff subpoenaed Georgia-Pacific for a copy of the letter in February 2026 and Defendant objected. After weeks of meeting and conferring with Defendant's counsel regarding the asserted privilege, Defendant finally agreed that it would produce the letter itself, subject to a stipulated protective order. These meet and confer efforts were primarily between myself and Defendant's former counsel, Christopher Dow.

5.      Mr. Dow sent me a proposed stipulation and order that was not based on the Court's Model Order, and that did not allow Plaintiffs to challenge the confidentiality designation of any document. On April 23, 2026, I informed Mr. Dow via email that his proposed order was not agreeable to Plaintiffs, and sent the Proposed Order at ECF No. 65, and asked Mr. Dow to respond with any proposed edits. Ex. A. Ms. Shi was CC'd on this email and therefore received the Proposed Order at ECF No. 65 on April 23. *Id.*

6.      Neither Mr. Dow nor Ms. Shi responded to my April 23, 2026 email, or proposed any changes to the Proposed Order. Ex. A. I followed up with Mr. Dow via email on May 6, 2026 (with

MARCROFT DECLARATION – REQUEST FOR STIPULATED PROTECTIVE ORDER

weintraub **tobin** chediak coleman grodin
law corporation

Ms. Shi CC'd), and received a bounce-back that Mr. Dow was no longer with the firm representing Defendant. *Id*. I then emailed Ms. Shi and Mr. Fred Blum, and asked Defendant to please produce a copy of the letter by Friday May 15. *Id*. Neither Ms. Shi nor Mr. Blum responded to my email. *Id*. Defendant also did not produce the letter by May 15 as requested.

7. On May 27, 2026, I spoke with Ms. Shi over the phone and she confirmed that she would respond to my May 6, 2026 email requesting Defendant to produce the letter. *See* Ex. A. Ms. Shi then emailed me asking me to provide her with a copy of the proposed order drafted by her former co-counsel, Mr. Dow, as well as a copy of the Proposed Order (ECF No 65) that I sent her over a month prior, on April 23. *Id.*

8. Given Defendant's substantial, unexplained delays, and persistent inability to substantiate its unilateral privilege objection, I informed Ms. Shi that Plaintiffs would not engage in further negotiations regarding a protective order, and requested that Defendant withdraw its privilege objection so that Georgia-Pacific could produce the letter in response to the subpoena, without a protective order. Ex. A.

9. In response, Ms. Shi sent me the same document I sent to her on April 23—which is the Proposed Order at ECF No. 65—and stated **"We will sign the PO and produce the letter after you sign."** Ex. A. Ms. Shi then confirmed that Defendant would produce the letter upon mutual execution of the Proposed Order. *Id.* I understood Ms. Shi's email to mean that she was in agreement with the terms of the Proposed Order and had no proposed edits.

10. After reaching an agreement with Ms. Shi as to the timing of Defendant's production, I emailed Ms. Shi on June 4, 2026, stating: **"Thanks, Bessy. I've updated the dates and replaced Chris's electronic signature with yours, as authorized on today's date. If that's acceptable, please send the letter and we will get the stipulation filed."** Ex. A (emphasis added).

11. On June 10, 2026, Ms. Shi responded to my June 4 email, stating: **"Hi Annie, <u>Please go ahead and file the stipulation</u>. We will send over the letter."** Ex. A (emphasis added). I interpreted Ms. Shi's email as confirmation that her signature was authorized on the Proposed Order as of June 4, 2026, and that I was authorized to file it on behalf of the parties.

///

Case No. 4:24-cv-04810-JST
MARCROFT DECLARATION – REQUEST FOR STIPULATED PROTECTIVE ORDER

**weintraub tobin** chediak coleman grodin
law corporation

12. I informed Ms. Shi that I would file the stipulation as soon as Defendant produced the letter, in an effort to save filing fees should Defendant ultimately refuse to produce the letter. Ex. A.

13. On June 10, Ms. Shi responded, stating: **"We have a stipulated PO. If we had no intention to produce it, we would not have entered into this stipulation. If you can file the PO today, we will produce the letter by the end of today."** Ex. A. Once again, I interpreted Ms. Shi's email as confirmation that a stipulation was in place as of June 4, and that I was authorized to file it on behalf of the parties. *Id*. However, I could sense that Ms. Shi was attempting to renege her separate agreement to produce the letter upon mutual execution of the Proposed Order.

14. I then reminded Ms. Shi that she agreed to produce the letter upon mutual execution of the Proposed Order, that the Proposed Order was mutually executed, and that the prior filing of the Proposed Order was not an agreed condition to Defendant's production. Ex. A. I asked Ms. Shi to confirm whether she was repudiating her separate agreement to produce the letter upon mutual execution of the Proposed Order. *Id*. Ms. Shi did not respond. *Id.*

15. On June 12, eight days after authorizing her signature on the Proposed Order that she had received on April 23, and two days after instructing me to file it, Ms. Shi emailed me stating that: "The City's private counsel made minor changes to the draft PO which is attached to this email. If you are okay with the changes, please sign and return. We can produce the letter after we designate the letter as CONFIDENTIAL per our stipulated PO, which can be done before the PO is filed with the court." Ex. A.

16. Ms. Shi's email was surprising to receive, because there had been ample time to propose edits, and because Ms. Shi had stated just two days prior that **"We have a stipulated PO"** and instructed me to file it. *See* Ex. A. I reminded Ms. Shi that the stipulation was already in place, as she had just confirmed, and that the time to propose edits had therefore passed. *Id*.

17. Ms. Shi responded that: "my client would like to include the redlined changes in the PO. The proposed changes are reasonable. If you feel differently, please state the basis for your position and propose alternative language if necessary. The sooner we get this resolved the sooner you can receive the letter." Ms. Shi did not attempt to explain what her changes were, or why

///

MARCROFT DECLARATION – REQUEST FOR STIPULATED PROTECTIVE ORDER

weintraub tobin chediak coleman grodin
law corporation

Defendant apparently believed they were necessary. Nor did she attempt to retract her authorization on the executed Proposed Order or her instructions for me to file it.

18. On June 12, I responded to Ms. Shi and stated that it was unreasonable and inappropriate to demand changes at that time because the Proposed Order was already executed. Ex. A.

19. Ms. Shi did not respond to my June 12 email, so I proceeded to file the Proposed Order in accordance with Ms. Shi's explicit instructions to me on June 10 (**"Please go ahead and file the stipulation."**) Ex. A (emphasis added).

20. After I filed the Proposed Order as Ms. Shi instructed, Ms. Shi emailed me accusing me of filing the Proposed Order without her consent. Ex. A. Ms. Shi asserted that since I did not agree to execute her June 12 proposed order, "we did not reach and agreement on the protective order," and demanded that I withdraw the Proposed Order. *Id.*

21. I responded to Ms. Shi, stating: "You explicitly instructed me to file the stipulation and proposed order after confirming that 'we have a stipulated PO.' Outside counsel's desire to make what you described as 'minor' changes after the fact does not entitle you to unilaterally rescind the stipulation. We will not withdraw it. And we expect that you will comply with your agreement to produce the letter now that the executed stipulation is filed." Ex. A.

22. Ms. Shi responded, asserting that, since I said I would not file the Proposed Order until Defendant produced the letter, and Defendant never produced the letter, that we somehow no longer had a stipulation at all on the Proposed Order. Ex. A.

23. I responded to Ms. Shi, stating: "Your characterization of our communications is incorrect. We reached an agreement on the stipulation and protective order when you reviewed it, raised no revisions or objections, authorized the execution, and subsequently instructed me to file it. Our disagreement regarding the timing of the production of the letter did not negate the stipulation. The City's attempt to propose additional 'minor' revisions after the stipulation was already executed did not rescind the stipulation, nor did I ever agree to reopen discussions regarding its terms." Ex. A.

24. Ms. Shi did not respond to my email, and proceeded to file the Objection (ECF No. 66). Ex. A.

MARCROFT DECLARATION – REQUEST FOR STIPULATED PROTECTIVE ORDER

weintraub **tobin** chediak coleman grodin
law corporation

25.     Ms. Shi's statement that: "Plaintiffs' counsel filed the [protective order] knowing Defendant does not agree to all the terms and conditions set forth in the PO," is false. (ECF No. 66). Ms. Shi expressly authorized me to sign the Proposed Order on her behalf, as confirmed in her June 10 email to me. She further confirmed that her signature was authorized, and that she agreed to all of the terms and conditions in the Proposed Order, when she acknowledged "We have a stipulated PO," and instructed me to file it. I would not have filed the Proposed Order had I believed that Ms. Shi's signature was unauthorized or that Ms. Shi did not agree to all of its terms. I would not have filed the Proposed Order had I had any reason to believe that the separate dispute regarding the timing of Defendant's production had any effect on the validity of the Proposed Order or Ms. Shi's assent thereto. Based on Ms. Shi's written communications to me, I at all times believed that I was authorized to affix Ms. Shi's signature to the Proposed Order and file it for approval by this Court.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct. Executed June 25, 2026, in Sacramento, California.

/s/ Anna R. Marcroft
Anna R. Marcroft

MARCROFT DECLARATION – REQUEST FOR STIPULATED PROTECTIVE ORDER

# EXHIBIT A

| | |
|---|---|
| **From:** | Annie Marcroft |
| **Sent:** | Tuesday, June 23, 2026 2:52 PM |
| **To:** | Bessy Shi |
| **Cc:** | Serena Y. Heller; Fred Blum; David A. Diepenbrock |
| **Subject:** | RE: SNR v FB - Request to withdraw the PROTECTIVE ORDER |

Bessy,

Your characterization of our communications is incorrect. We reached an agreement on the stipulation and protective order when you reviewed it, raised no revisions or objections, authorized the execution, and subsequently instructed me to file it. Our disagreement regarding the timing of the production of the letter did not negate the stipulation. The City's attempt to propose additional "minor" revisions after the stipulation was already executed did not rescind the stipulation, nor did I ever agree to reopen discussions regarding its terms.

If you think an objection is warranted, that is your prerogative.

**Annie Marcroft**
Associate

**Direct:** 916.558.6089
**Email:** AMarcroft@weintraub.com

---

**From:** Bessy Shi <bshi@teamghb.com>
**Sent:** Tuesday, June 23, 2026 1:59 PM
**To:** Annie Marcroft <amarcroft@weintraub.com>
**Cc:** Serena Y. Heller <SHeller@weintraub.com>; Fred Blum <fblum@teamghb.com>; David A. Diepenbrock <DDiepenbrock@weintraub.com>
**Subject:** [EXTERNAL] RE: SNR v FB - Request to withdraw the PROTECTIVE ORDER

Annie,

Our email correspondences clearly indicate we don't have an agreement on the Protective Order. On 6/10, we had a dispute over when the letter will be produced. You stated that you will only file the stipulation after you receive the letter. We never sent over the letter.

On 6/12, I stated in my email that we could send over the letter before you file the stipulation providing that you accept the minor changes made by the City's private counsel after we designate the letter as CONFIDENTIAL per our stipulated PO. I also tried to meet and confer with you regarding the proposed changes. In response, you said: "your attempt to make changes is unreasonable" and threatened to file a Motion for Sanctions. We never reached an agreement on the Protective Order.

If you refuse to withdraw the protective order, we will proceed to file an objection.

**Bessy Shi**

1

*Senior Associate*



601 Montgomery Street | Suite 1100 | San Francisco, CA 94111

direct (415) 403-4408 | main (415) 397-9006
fax (415) 397-1339

**website | vCard | map | email**

**San Francisco | Los Angeles**

**OUR FIRM NAME HAS CHANGED. PLEASE UPDATE YOUR RECORDS WITH OUR NEW WEBSITE, WWW.TEAMGHB.COM**

This communication may contain privileged and confidential information and is intended only for the addressee(s). Any other use is prohibited. If you have received this message
please destroy it.

---

**From:** Annie Marcroft <amarcroft@weintraub.com>
**Sent:** Tuesday, June 23, 2026 1:42 PM
**To:** Bessy Shi <bshi@teamghb.com>
**Cc:** Serena Y. Heller <SHeller@weintraub.com>; Fred Blum <fblum@teamghb.com>; David A. Diepenbrock
<DDiepenbrock@weintraub.com>
**Subject:** RE: SNR v FB - Request to withdraw the PROTECTIVE ORDER

> **CAUTION:** This email originated from outside the organization. Do not click links or open attachments
> unless you recognize the sender and know the content is safe.

Bessy,

You explicitly instructed me to file the stipulation and proposed order after confirming that "we have a
stipulated PO." Outside counsel's desire to make what you described as "minor" changes after the fact does
not entitle you to unilaterally rescind the stipulation. We will not withdraw it. And we expect that you will
comply with your agreement to produce the letter now that the executed stipulation is filed.

**Annie Marcroft**
Associate

**Direct:** 916.558.6089
**Email:** AMarcroft@weintraub.com

---

**From:** Bessy Shi <bshi@teamghb.com>
**Sent:** Tuesday, June 23, 2026 1:13 PM
**To:** Annie Marcroft <amarcroft@weintraub.com>; David A. Diepenbrock <DDiepenbrock@weintraub.com>
**Cc:** Serena Y. Heller <SHeller@weintraub.com>; Fred Blum <fblum@teamghb.com>
**Subject:** [EXTERNAL] RE: SNR v FB - Request to withdraw the PROTECTIVE ORDER
**Importance:** High

Counsels,

It came to our attention that you filed the proposed protective order without our consent. As stated in my
email dated June 12, we did not agree to the terms of your proposed protective order and requested that you

2

incorporated the changes made by the City's private counsel. Since you declined to accept the proposed changes, we did not reach an agreement on the protective order.

Please advise you would withdraw the protective order as soon as possible.

**Bessy Shi**
*Senior Associate*



601 Montgomery Street | Suite 1100 | San Francisco, CA 94111

direct (415) 403-4408 | main (415) 397-9006
fax (415) 397-1339

**website | vCard | map | email**

**San Francisco | Los Angeles**

**OUR FIRM NAME HAS CHANGED. PLEASE UPDATE YOUR RECORDS WITH OUR NEW WEBSITE, WWW.TEAMGHB.COM**

This communication may contain privileged and confidential information and is intended only for the addressee(s). Any other use is prohibited. If you have received this message please destroy it.

---

**From:** Annie Marcroft <amarcroft@weintraub.com>
**Sent:** Friday, June 12, 2026 2:34 PM
**To:** Bessy Shi <bshi@teamghb.com>
**Cc:** David A. Diepenbrock <DDiepenbrock@weintraub.com>; Serena Y. Heller <SHeller@weintraub.com>; Fred Blum <fblum@teamghb.com>
**Subject:** RE: SNR v FB - Letter from David Diepenbrock

> **CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

If your client wanted the changes then you should have made them at an appropriate time. Your attempt to make changes now is unreasonable. You can explain to the court why you think your edits are necessary when we bring our sanctions motion.

**Annie Marcroft**
Associate

**Direct:** 916.558.6089
**Email:** AMarcroft@weintraub.com

---

**From:** Bessy Shi <bshi@teamghb.com>
**Sent:** Friday, June 12, 2026 2:20 PM
**To:** Annie Marcroft <amarcroft@weintraub.com>
**Cc:** David A. Diepenbrock <DDiepenbrock@weintraub.com>; Serena Y. Heller <SHeller@weintraub.com>; Fred Blum <fblum@teamghb.com>
**Subject:** [EXTERNAL] RE: SNR v FB - Letter from David Diepenbrock

Like I said in my last email, my client would like to include the redlined changes in the PO. The proposed changes are reasonable. If you feel differently, please state the basis for your position and propose alternative language if necessary. The sooner we get this resolved the sooner you can receive the letter.

**Bessy Shi**
*Senior Associate*

**GALLAGHER**
**HUIE + BLUM**

601 Montgomery Street | Suite 1100 | San Francisco, CA 94111

direct (415) 403-4408 | main (415) 397-9006
fax (415) 397-1339

**website | vCard | map | email**

**San Francisco | Los Angeles**

**OUR FIRM NAME HAS CHANGED. PLEASE UPDATE YOUR RECORDS WITH OUR NEW WEBSITE, WWW.TEAMGHB.COM**

This communication may contain privileged and confidential information and is intended only for the addressee(s). Any other use is prohibited. If you have received this message please destroy it.

**From:** Annie Marcroft <amarcroft@weintraub.com>
**Sent:** Friday, June 12, 2026 2:09 PM
**To:** Bessy Shi <bshi@teamghb.com>
**Cc:** David A. Diepenbrock <DDiepenbrock@weintraub.com>; Serena Y. Heller <SHeller@weintraub.com>; Fred Blum <fblum@teamghb.com>
**Subject:** RE: SNR v FB - Letter from David Diepenbrock

> **CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Bessy,

There is no "draft" stipulation. We already have a stipulated PO in place and you acknowledged this fact just two days ago in your email to me. You said "We have a stipulated PO." The opportunity to propose edits is gone. I interpret your email as confirming that you will produce the letter before the already-executed stipulation is filed. So please do that now.

**Annie Marcroft**
Associate

**Direct:** 916.558.6089
**Email:** AMarcroft@weintraub.com

**From:** Bessy Shi <bshi@teamghb.com>
**Sent:** Friday, June 12, 2026 1:44 PM
**To:** Annie Marcroft <amarcroft@weintraub.com>
**Cc:** David A. Diepenbrock <DDiepenbrock@weintraub.com>; Serena Y. Heller <SHeller@weintraub.com>; Fred Blum <fblum@teamghb.com>
**Subject:** [EXTERNAL] RE: SNR v FB - Letter from David Diepenbrock

Annie,

The City's private counsel made minor changes to the draft PO which is attached to this email. If you are okay with the changes, please sign and return. We can produce the letter after we designate the letter as CONFIDENTIAL per our stipulated PO, which can be done before the PO is filed with the court.


**Bessy Shi**
*Senior Associate*

GALLAGHER
HUIE + BLUM

601 Montgomery Street | Suite 1100 | San Francisco, CA 94111

direct (415) 403-4408 | main (415) 397-9006
fax (415) 397-1339

**website | vCard | map | email**

**San Francisco | Los Angeles**

**OUR FIRM NAME HAS CHANGED. PLEASE UPDATE YOUR RECORDS WITH OUR NEW WEBSITE, WWW.TEAMGHB.COM**

This communication may contain privileged and confidential information and is intended only for the addressee(s). Any other use is prohibited. If you have received this message please destroy it.

---

**From:** Annie Marcroft <amarcroft@weintraub.com>
**Sent:** Wednesday, June 10, 2026 3:15 PM
**To:** Bessy Shi <bshi@teamghb.com>
**Cc:** David A. Diepenbrock <DDiepenbrock@weintraub.com>; Serena Y. Heller <SHeller@weintraub.com>; Fred Blum <fblum@teamghb.com>
**Subject:** RE: SNR v FB - Letter from David Diepenbrock

> **CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Bessy,

You agreed to produce the letter upon mutual execution of the stipulation. The stipulation is executed and now you are refusing to produce it unless we file the stipulation first. That was not the agreement. The fact that you are now trying to walk back our agreement and impose a condition I never agreed to is exactly why I am insisting that you produce the letter first. If you will not comply with your agreement then please confirm that you are repudiating it. In that event, we will seek court intervention and request sanctions against the City for obstructing discovery. My client has been considerably patient in trying to resolve this without intervention. That patience should not be mistaken for acquiescence to further delay.

**Annie Marcroft**
Associate

**Direct:** 916.558.6089
**Email:** AMarcroft@weintraub.com

5

**From:** Bessy Shi <bshi@teamghb.com>
**Sent:** Wednesday, June 10, 2026 2:51 PM
**To:** Annie Marcroft <amarcroft@weintraub.com>
**Cc:** David A. Diepenbrock <DDiepenbrock@weintraub.com>; Serena Y. Heller <SHeller@weintraub.com>; Fred Blum <fblum@teamghb.com>
**Subject:** [EXTERNAL] RE: SNR v FB - Letter from David Diepenbrock

We have a stipulated PO. If we had no intention to produce it, we would not have entered into this stipulation. If you can file the PO today, we will produce the letter by the end of today.

**Bessy Shi**
*Senior Associate*

**GALLAGHER**
**HUIE + BLUM**

601 Montgomery Street | Suite 1100 | San Francisco, CA 94111

direct (415) 403-4408 | main (415) 397-9006
fax (415) 397-1339

**website | vCard | map | email**

**San Francisco | Los Angeles**

**OUR FIRM NAME HAS CHANGED. PLEASE UPDATE YOUR RECORDS WITH OUR NEW WEBSITE, WWW.TEAMGHB.COM**

This communication may contain privileged and confidential information and is intended only for the addressee(s). Any other use is prohibited. If you have received this message please destroy it.

---

**From:** Annie Marcroft <amarcroft@weintraub.com>
**Sent:** Wednesday, June 10, 2026 2:44 PM
**To:** Bessy Shi <bshi@teamghb.com>
**Cc:** David A. Diepenbrock <DDiepenbrock@weintraub.com>; Serena Y. Heller <SHeller@weintraub.com>; Fred Blum <fblum@teamghb.com>
**Subject:** RE: SNR v FB - Letter from David Diepenbrock

> **CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thanks Bessy. We will file the stipulation as soon as we receive the letter. We are not going to incur the filing fees if you are just going to then refuse to produce it or continue delaying.

**Annie Marcroft**
Associate

**Direct:** 916.558.6089
**Email:** AMarcroft@weintraub.com

---

**From:** Bessy Shi <bshi@teamghb.com>
**Sent:** Wednesday, June 10, 2026 2:37 PM
**To:** Annie Marcroft <amarcroft@weintraub.com>
**Cc:** David A. Diepenbrock <DDiepenbrock@weintraub.com>; Serena Y. Heller <SHeller@weintraub.com>; Fred Blum

6

<fblum@teamghb.com>
**Subject:** [EXTERNAL] RE: SNR v FB - Letter from David Diepenbrock

Hi Annie,

Please go ahead and file the stipulation. We will send over the letter.

**Bessy Shi**
*Senior Associate*

## GALLAGHER
## HUIE + BLUM

601 Montgomery Street | Suite 1100 | San Francisco, CA 94111

direct (415) 403-4408 | main (415) 397-9006
fax (415) 397-1339

**website | vCard | map | email**

**San Francisco | Los Angeles**

**OUR FIRM NAME HAS CHANGED. PLEASE UPDATE YOUR RECORDS WITH OUR NEW WEBSITE, WWW.TEAMGHB.COM**

This communication may contain privileged and confidential information and is intended only for the addressee(s). Any other use is prohibited. If you have received this message please destroy it.

**From:** Annie Marcroft <amarcroft@weintraub.com>
**Sent:** Thursday, June 4, 2026 9:33 AM
**To:** Bessy Shi <bshi@teamghb.com>
**Cc:** David A. Diepenbrock <DDiepenbrock@weintraub.com>; Serena Y. Heller <SHeller@weintraub.com>; Fred Blum <fblum@teamghb.com>
**Subject:** RE: SNR v FB - Letter from David Diepenbrock

> **CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thanks, Bessy. I've updated the dates and replaced Chris's electronic signature with yours, as authorized on today's date. If that's acceptable, please send the letter and we will get the stipulation filed.

Thanks again

**Annie Marcroft**
Associate

**Direct:** 916.558.6089
**Email:** AMarcroft@weintraub.com

**From:** Bessy Shi <bshi@teamghb.com>
**Sent:** Wednesday, June 3, 2026 10:02 PM
**To:** Annie Marcroft <amarcroft@weintraub.com>
**Cc:** David A. Diepenbrock <DDiepenbrock@weintraub.com>; Serena Y. Heller <SHeller@weintraub.com>; Fred Blum <fblum@teamghb.com>
**Subject:** [EXTERNAL] RE: SNR v FB - Letter from David Diepenbrock

That is fine Annie.

**Bessy Shi**
*Senior Associate*

**GALLAGHER**
**HUIE + BLUM**

601 Montgomery Street | Suite 1100 | San Francisco, CA 94111

direct (415) 403-4408 | main (415) 397-9006
fax (415) 397-1339

**website | vCard | map | email**

**San Francisco | Los Angeles**

**OUR FIRM NAME HAS CHANGED. PLEASE UPDATE YOUR RECORDS WITH OUR NEW WEBSITE, WWW.TEAMGHB.COM**

This communication may contain privileged and confidential information and is intended only for the addressee(s). Any other use is prohibited. If you have received this message please destroy it.

**From:** Annie Marcroft <amarcroft@weintraub.com>
**Sent:** Monday, June 1, 2026 12:28 PM
**To:** Bessy Shi <bshi@teamghb.com>
**Cc:** David A. Diepenbrock <DDiepenbrock@weintraub.com>; Serena Y. Heller <SHeller@weintraub.com>; Fred Blum <fblum@teamghb.com>
**Subject:** RE: SNR v FB - Letter from David Diepenbrock

> **CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Bessy,

Can you please confirm that the City will produce the letter upon mutual execution of the stipulation and before the protective order is entered by the court? If so, then will treat the letter as confidential pursuant to the terms of the stipulation pending entry of the protective order by the court.

Thanks,

**Annie Marcroft**
Associate

**Direct:** 916.558.6089
**Email:** AMarcroft@weintraub.com

**From:** Bessy Shi <bshi@teamghb.com>
**Sent:** Thursday, May 28, 2026 4:35 PM
**To:** Annie Marcroft <amarcroft@weintraub.com>
**Cc:** David A. Diepenbrock <DDiepenbrock@weintraub.com>; Serena Y. Heller <SHeller@weintraub.com>; Fred Blum <fblum@teamghb.com>
**Subject:** [EXTERNAL] RE: SNR v FB - Letter from David Diepenbrock

8

Annie,

Attached is the proposed/draft protective order from your office. We will sign the PO and produce the letter after you sign.

**Bessy Shi**
*Senior Associate*

GALLAGHER
HUIE + BLUM

601 Montgomery Street | Suite 1100 | San Francisco, CA 94111

direct (415) 403-4408 | main (415) 397-9006
fax (415) 397-1339

**website | vCard | map | email**

**San Francisco | Los Angeles**

**OUR FIRM NAME HAS CHANGED. PLEASE UPDATE YOUR RECORDS WITH OUR NEW WEBSITE, WWW.TEAMGHB.COM**

This communication may contain privileged and confidential information and is intended only for the addressee(s). Any other use is prohibited. If you have received this message please destroy it.

---

**From:** Annie Marcroft <amarcroft@weintraub.com>
**Sent:** Thursday, May 28, 2026 2:27 PM
**To:** Bessy Shi <bshi@teamghb.com>
**Cc:** David A. Diepenbrock <DDiepenbrock@weintraub.com>; Serena Y. Heller <SHeller@weintraub.com>
**Subject:** RE: SNR v FB - Letter from David Diepenbrock

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Bessy,

The protective order is off the table. You were CC'd on all of my emails with Chris discussing the proposed protective order. You were also CC'd on all of my emails following up after Chris left the firm, and you ignored all of them. I sent a copy of our proposed protective order on April 23, and CC'd you on the email, and received no acknowledgement from your firm for over a month, until now. The only reason I initially agreed to negotiate a protective order was so that we could quickly get a copy of the letter that Chris agreed to produce. The City dropped the ball and the time for negotiation is over.

At this point, a protective order is not the issue. This subpoena was issued in February and it is now almost June, and we still do not have a copy of the 2014 Letter. The only reason why we are still awaiting a copy of the Letter is the City's completely unsubstantiated mediation privilege objection which the City clearly has no standing to assert. I have spent hours and hours meeting and conferring with Chris about this objection since February and not once did he or anyone else at your firm identify any factual basis to support that a mediation privilege applies. We will not tolerate any more delays in the guise of meeting and conferring on this objection, and my client is no longer willing to condition production on entry of a protective order when no basis for confidentiality or privilege has been established whatsoever over the past four months. To be clear, Georgia-Pacific does not even claim that the Letter is privileged. The City simply has no leg to stand on.

9

The City must immediately confirm in writing that its objections to Georgia-Pacific's production of the 2014 Letter are withdrawn. If the City does not withdraw its objections by Friday, May 29th, or otherwise produce a copy of the 2014 Letter itself, we will promptly seek relief from the court, including sanctions against the City for persisting on its meritless objection.

Regards,

**Annie Marcroft**
Associate

**Direct:** 916.558.6089
**Email:** AMarcroft@weintraub.com

---

**From:** Bessy Shi <bshi@teamghb.com>
**Sent:** Wednesday, May 27, 2026 6:26 PM
**To:** Annie Marcroft <amarcroft@weintraub.com>
**Cc:** David A. Diepenbrock <DDiepenbrock@weintraub.com>; Fred Blum <fblum@teamghb.com>
**Subject:** [EXTERNAL] RE: SNR v FB - Letter from David Diepenbrock

Hi Annie,

Could you send us the draft PO from Christopher and advise which terms you disagree? Please also send us your proposed PO.

Thank you

**Bessy Shi**
*Senior Associate*

**GALLAGHER
HUIE + BLUM**

601 Montgomery Street | Suite 1100 | San Francisco, CA 94111

direct (415) 403-4408 | main (415) 397-9006
fax (415) 397-1339

**website | vCard | map | email**

**San Francisco | Los Angeles**

**OUR FIRM NAME HAS CHANGED. PLEASE UPDATE YOUR RECORDS WITH OUR NEW WEBSITE, WWW.TEAMGHB.COM**

This communication may contain privileged and confidential information and is intended only for the addressee(s). Any other use is prohibited. If you have received this message please destroy it.

---

**From:** Annie Marcroft <amarcroft@weintraub.com>
**Sent:** Wednesday, May 27, 2026 10:46 AM
**To:** Bessy Shi <bshi@teamghb.com>
**Cc:** David A. Diepenbrock <DDiepenbrock@weintraub.com>; Fred Blum <fblum@teamghb.com>
**Subject:** FW: SNR v FB - Letter from David Diepenbrock

You don't often get email from amarcroft@weintraub.com. Learn why this is important

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Bessy,

Thanks for confirming that you will respond to my emails below.

**Annie Marcroft**
Associate

**Direct:** 916.558.6089
**Email:** AMarcroft@weintraub.com

---

**From:** Annie Marcroft
**Sent:** Wednesday, May 6, 2026 4:15 PM
**To:** Fred Blum <fblum@teamghb.com>; 'bburdick@teamghb.com' <bburdick@teamghb.com>
**Cc:** Bessy Shi <bshi@teamghb.com>; Robert T. Heusser <rheusser@teamghb.com>; David A. Diepenbrock <DDiepenbrock@weintraub.com>
**Subject:** FW: SNR v FB - Letter from David Diepenbrock

Fred and Bridgette,

I just received an automatic reply that Chris is no longer with the firm. Please produce a copy of the 2014 Letter no later than <u>Friday, May 15</u>.

Regards,

**Annie Marcroft**
Associate

**Direct:** 916.558.6089
**Email:** AMarcroft@weintraub.com

---

**From:** Annie Marcroft
**Sent:** Wednesday, May 6, 2026 4:01 PM
**To:** 'cdow@teamghb.com' <cdow@teamghb.com>
**Cc:** Fred Blum <fblum@teamghb.com>; Bessy Shi <bshi@teamghb.com>; Robert T. Heusser <rheusser@teamghb.com>; David A. Diepenbrock <DDiepenbrock@weintraub.com>; Serena Y. Heller <SHeller@weintraub.com>; Sophia L. Medina <SMedina@weintraub.com>
**Subject:** FW: SNR v FB - Letter from David Diepenbrock

Chris,

I have not heard from you in response to my email below. Either the City must agree to produce the 2014 Letter under an agreeable protective order, or we will obtain the Letter from GP without one. The City cannot keep dragging its feet on this issue. Your prompt response is appreciated.

Regards,

11

**Annie Marcroft**
Associate

**Direct:** 916.558.6089
**Email:** AMarcroft@weintraub.com

---

**From:** Annie Marcroft
**Sent:** Thursday, April 23, 2026 4:13 PM
**To:** Christopher Dow <cdow@teamghb.com>
**Cc:** Fred Blum <fblum@teamghb.com>; Bessy Shi <bshi@teamghb.com>; Robert T. Heusser <rheusser@teamghb.com>; David A. Diepenbrock <DDiepenbrock@weintraub.com>; Serena Y. Heller <SHeller@weintraub.com>; Sophia L. Medina <SMedina@weintraub.com>
**Subject:** RE: SNR v FB - Letter from David Diepenbrock

Hi Chris,

Thank you for the proposed protective order. Our clients are unwilling to accept it. Our clients are, however, willing to enter into a generally applicable stipulated protective order, while reserving all of their rights to challenge the City's designation of the document as confidential. As stated in our detailed meet and confer letters, the City has not adequately demonstrated a legitimate basis to claim that the agreement is confidential, much less privileged. A slightly modified version of the court's model protective order is attached for your review and comment. If you have any proposed edits, please provide them to me by no later than this Monday, using track changes.

Thank you,

**Annie Marcroft**
Associate

**Direct:** 916.558.6089
**Email:** AMarcroft@weintraub.com

---

**From:** Christopher Dow <cdow@teamghb.com>
**Sent:** Wednesday, April 22, 2026 2:39 PM
**To:** David A. Diepenbrock <DDiepenbrock@weintraub.com>; Serena Y. Heller <SHeller@weintraub.com>; Sophia L. Medina <SMedina@weintraub.com>; Annie Marcroft <amarcroft@weintraub.com>
**Cc:** Fred Blum <fblum@teamghb.com>; Bessy Shi <bshi@teamghb.com>; Robert T. Heusser <rheusser@teamghb.com>
**Subject:** [EXTERNAL] RE: SNR v FB - Letter from David Diepenbrock

Hi,

Attached for your review is the draft stipulation and order the City proposed during our meet and confer teleconference on Friday, April 17.

Thanks.

**Christopher Dow**
*Partner*

12



# GALLAGHER
# HUIE + BLUM

601 Montgomery Street | Suite 1100 | San Francisco, CA 94111

direct (415) 403-4434 | main (415) 397-9006
fax (415) 397-1339

**website | vCard | map | email**

**San Francisco | Los Angeles**

**OUR FIRM NAME HAS CHANGED. PLEASE UPDATE YOUR RECORDS WITH OUR NEW WEBSITE, <u>WWW.TEAMGHB.COM</u>**

This communication may contain privileged and confidential information and is intended only for the addressee(s). Any other use is prohibited. If you have received this message please destroy it.

13