July 2, 2026

The Honorable Judge Jon S. Tigar
United States District Judge
Northern District of California
Ronald V. Dellums Federal Building & United States Courthouse
1301 Clay Street
Oakland, CA 94612
Suite 400 S | 510-637-3530

> **Re:** ***Sierra Northern Railway, et al. v. City of Fort Bragg* (Case No. 24-cv-04810-JST)
> – Joint Letter Brief Regarding Competing Proposed Protective Orders**

Dear Judge Tigar:

Plaintiffs Sierra Northern Railway and Mendocino Railway ("Plaintiffs"), together with Defendant City of Fort Bragg ("Defendant") (collectively, "Parties") hereby jointly submit this letter brief in response to the Court's June 25, 2026, Order Re Proposed Protective Order (ECF No. 67).

### A. Plaintiffs' Statement as to Why the Court Should Enter the Proposed Order Submitted by Plaintiffs (ECF No. 65)

The Court should sign the Proposed Order at ECF No. 65 because it is the only version that was agreed to and executed by counsel of both Parties. Plaintiffs' counsel circulated the Proposed Order at ECF 65 to Defendant's counsel on April 23. Marcroft Declaration (ECF No. 68) at ¶ 5. On June 4, Defendant's counsel authorized her signature on the Proposed Order and instructed Plaintiffs' counsel to file it. *Id.*, at ¶¶ 10, 11. Plaintiffs' counsel filed the Proposed Order based on that instruction. *Id.*, at ¶ 19. Defendant and its private outside counsel had ample time to review the Proposed Order and to propose any changes before executing it and instructing Plaintiff to file it. However, Defendant did not propose the additional changes reflected in ECF No. 66, Exhibit B, until *after* both Parties executed the Proposed Order at ECF No. 65, and *after* Defendant's counsel confirmed that a stipulation was already in place. *Id.*, at ¶¶ 12–15. Plaintiffs' counsel declined to renegotiate the terms of the existing stipulation or to execute Defendant's proposed order at ECF No. 66, Exhibit B, leaving the Proposed Order at ECF No. 65 the only stipulation in effect between the parties.

Defendant's contention that the Parties did not agree to the Proposed Order at ECF No. 65 because Plaintiffs declined to incorporate Defendant's proposed changes, is incorrect. The stipulation was already executed and in effect before Defendant ever proposed the changes, a fact which Defendant acknowledged. See Marcroft Declaration (ECF No. 68) at ¶¶ 13, 15, Ex. A. Defendant's failure to timely propose its changes before executing the stipulation, and Plaintiffs' declination to insert them after the fact, did not negate the stipulation that was already in place. Plaintiffs request that the Court enter the stipulation that both Parties' counsel agreed to and signed. Defendant, on the other hand, requests that the Court ignore the Parties' fully executed agreement and enter a proposed order that Plaintiffs unequivocally rejected. The Court should enter the order that reflects the agreement of the Parties' counsel, which is the Proposed Order at ECF No. 65.

Moreover, Defendant's proposed edits to the Proposed Order appear to have no practical effect. Section 2.9 needs no elaboration as Defendant suggests. Section 2.9 unambiguously defines "Outside Counsel of Record" as "attorneys who are not employees of a party…but are retained to represent or advise a party to this action." (See ECF 65 at § 2.9.) That definition necessarily encompasses "the firm representing the City as its designated City Attorney." This additional proposed language renders Section 2.9 redundant, and is unnecessary to clarify any ambiguity because there was no ambiguity to begin with.

Defendant's proposed edits to Section 12.2 also do not clarify any ambiguity, but rather, create one where none previously existed. Defendant proposes to insert the following language: "including as to the introduction, admissibility or relevance as to an material." This appears to contain a typo, and serves no clarifying purpose. The scope of Parties' right to object to use in evidence any protected material under Section 12.2 needs no elaboration as Defendant suggests because it already encompasses the "right to object on any ground." (See ECF 65 at § 12.2.)

Defendant's proposed edits to Section 12.3 also insert ambiguity where none existed and they are unnecessary to preserve confidentiality of designated documents. The phrases "denial [] not on the merits", denial "due to the procedural error," and "other non-substantive basis for denial," that Defendant seeks to insert, are inherently ambiguous and Defendant does not explain what these phrases mean. Section 12.2 states that a "Party may not file in the public record in this action any Protected Material…[w]ithout written permission from the Designating Party or a court order secured after appropriate notice to all interested persons." In the purely hypothetical event that the Court denies a request to seal "not on the merits" or "due to the procedural error" or on some "other non-substantive basis," Section 12.2 is clear that a court order is required to file the information in the public record.

Finally, it does not appear that Defendant has complied with this Court's standing order, requiring a declaration explaining any changes to the Court's Model Protective Order. In contrast, the Proposed Order at EFC 65 contains less modifications to the Court's Model Order, and all of the modifications are explained in the declaration of Anna Marcroft filed therewith. The Court should enter the Proposed Order at ECF No. 65.

### B.    Defendant's Statement as to Why the Court Should Enter the Proposed Order Submitted by Defendant (ECF No. 66, Ex. B)

Defendant City of Fort Bragg ("Defendant" or "the City") objects to Plaintiffs' Proposed Protective Order (ECF No. 65) ("Draft PO"). The City requested Plaintiffs to incorporate additional changes proposed by the City's private/outside counsels, which is attached to Defendant's Objection (ECF No. 66) ("Revised PO"). Since Plaintiffs declined to accept the proposed changes, the parties failed to reach an agreement on the Protective Order. For reasons stated below the Court should adopt the City's Revised PO as opposed to the Draft PO:

First, the Revised PO made only made minor but relevant changes to the Draft PO drafted or revised by Plaintiffs' counsel. The proposed revisions include expanding the definitions of "Counsel (without qualifier)" (Paragraph 2.3) and "Outside Counsel of Record" (paragraph 2.9) to specifically include **"*the firm representing the city as its designated City Attorneys*"**. The proposed revisions can better protect Defendant's interest and avoid any ambiguity by identifying the additional counsels that have right to receive "CONFIDENTIAL" information or items designated by Designating Party. Since Defendant's private counsels or "City Attorneys" also

represent Defendant, it is reasonable to allow them to have access to the covered, confidential materials.

Similarly, the proposed revisions to paragraph 12.2 provide further elaborations of the scope of parties' right to object to use in evidence of any of the covered, confidential material. The proposed revision should be adopted because it eliminates ambiguity, specifically clarifying that a party's right to object is preserved throughout all aspects of evidentiary dispute, including "introduction, admissibility, or relevance of any material."

Additionally, paragraph 12.3 of the Draft PO provides: "If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the Court". The revised PO is more comprehensive as it identifies other scenarios where the Receiving Party should not file the information in the public record even when a request to file Protected Material under seal is denied by the Court. Specifically, the proposed revisions provide: "If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless *the denial is not on the merits and/or is due to the procedural error or other non-substantive bases for denial, or* otherwise instructed by the Court". The proposed language is reasonable and should be adopted in that it has considered the possibility that the Court may deny a request to file protected material under seal due to procedural error/non-substantive reason. In that case, Receiving Party should refrain from filing the information in the public record pursuant to Civil Local Rule 79-5, thereby safeguarding Designating Party's right to confidentiality. For reasons stated above, the Court should sign the Revised PO which eliminates any ambiguity, prevents any potential disputes while better safeguarding parties' right to confidentiality.

Contrary to Plaintiffs' contentions, the Parties never had a meeting of minds on the Protective Order, as evidenced by the correspondences between the Parties' counsels (ECF No. 68- attached as Exhibit A to Declaration of Annie Marcroft). On June 10, 2026, after Plaintiffs' counsel unilaterally affixed the signature of Defendant's counsel on the Draft PO, dispute arose relating to among other things to when a letter from the City to a third-party, Georgio Pacific LLC, dated September 10, 2014 ("the Letter") should be produced. The Letter was supposed to be designated as the confidential material subject to a Protective Order. Plaintiffs' counsel Annie Marcroft stated in her email that she would not file with the Court the Draft PO until after she received the Letter. (ECF No. 68- attached as Exhibit A to Declaration of Annie Marcroft). Defendant's counsel disagreed and never sent over the Letter.

On June 12, 2026, Defendant's counsel Bessy Shi stated in an email that Defendant would send over the letter before a Protective Order was filed only if Plaintiff first incorporated the additional changes requested by Defendants. (ECF No. 68- attached as Exhibit A to Declaration of Annie Marcroft). Defendant's counsel also attempted to meet and confer with Plaintiffs' counsel regarding the proposed changes. In response, Ms. Marcroft stated in her email dated June 12, 2026, that: "Your attempt to make changes now is unreasonable. You can explain to the court why you think your edits are necessary when we bring our sanctions motion." (ECF No. 68- attached as Exhibit A to Declaration of Annie Marcroft).

The Parties had no further communication regarding the Protective Order between June 12 and June 22, 2026. The City expected Plaintiffs to bring a Motion per their email dated June 12, 2026. However, Plaintiffs unilaterally filed Draft PO on June 22, 2026, without Defendant's consent. Since the Parties never had a meeting of minds on the protective order, the Court should not sign the Draft PO on the basis that the Parties had stipulated to the Draft PO.

For reasons stated above, the City respectfully requested the Court to sign the Revised PO.

Jointly Submitted:

By: _____
Anna R. Marcroft
Attorney for Plaintiffs Sierra Northern
Railway and Mendocino Railway

By: _____
Bessy Shi
Attorney for Defendant City of Fort Bragg